2313.   BEACH LUMBER CO. *et al. v.* BAXLEY BANKING CO.

1. A bill of exceptions may, on motion, be amended by the addition of necessary plaintiffs in error, where the fact that they are necessary parties plainly appears from the record.   The writ of error will not be dismissed where all necessary parties thereto have been properly supplied by amendment.
2. A suit was filed against several defendants, some of whom resided in the county of the court's jurisdiction, and one in another county.   The clerk failed to sign the process on the original petition, but the process annexed to the second original was properly signed, and the second original was served on the non-resident defendant.   At the trial term the defendants moved to dismiss the suit, upon the ground that there was no process signed by the clerk in said case, and that the process prepared was void and not amendable.   *Held,* that the court did not err in directing the clerk to prepare and attach to the petition, and to the second original, process returnable to the next ensuing term of the court, with direction that service be perfected upon the defendants.

DECIDED SEPTEMBER 20, 1910.

Complaint; from city court of Waycross—Judge Myers.   October 30, 1909.

*V. E. Padgett,* for plaintiff in error.

*Parker & Highsmith,* contra.

RUSSELL, J.   1. A motion was made to dismiss the writ of error, upon the ground that the bill of exceptions does not show who com-

posed the Beach Lumber Company (the plaintiff in error), which is alleged to be a copartnership, and that as the individuals composing the firm are not named, the writ of error should fail for the want of proper parties. The plaintiff in error, by a written motion, asked this court to permit the bill of exceptions to be amended by adding, as plaintiffs in error, W. R. Beach, J. M. Beach, and J. F. Beach. Upon consideration of this motion it was granted, because it appears from the record that they were defendants in the original action in the court below, and named as such in the original petition of the defendant in error. For this reason the amendment can not affect any right of the defendant in error, and the motion to dismiss the writ of error is denied.

2. In addition to the statement of the second headnote, it may perhaps be proper to say that this was a suit upon a promissory note made by the Beach Lumber Company, payable to the order of J. F. Smith, and indorsed by W. R. Beach and J. F. Smith. Suit was brought in the city court of Waycross to the June term, 1909, of that court by the Baxley Banking Company as transferee. The clerk, in attaching process to the original, failed to sign it, though he signed the process to the second original prepared to be served upon J. F. Smith, who was a resident of Appling county. All the defendants were served; and at the appearance term, there being no appearance, the case was marked in default. At the September term, which was the next term of the court, the defendant the Beach Lumber Company, appearing only for that purpose, filed a written motion to dismiss the suit "because there is no process signed by the clerk in said case, the process being prepared in the original and copy petitions not having been signed by the clerk, is absolutely void and not amendable." The court refused to dismiss the suit, and, on motion of the plaintiff's counsel, ordered the clerk to issue a new process, requiring the defendants to be and appear at the next term of the court to be held on the second Monday in December, 1909, together with copies of said petition and process, to be served by the sheriff upon all of the defendants, the December term being expressly made the appearance term of the suit.

We find no error in this order. It was not a question of a void process, which is not amendable. As to the Beach Lumber Company and the individuals composing this partnership, there was no process, and the court, having the right to control its process, could

either dismiss the proceeding or (there appearing to be no fault or laches on the part of the plaintiff) take steps to have process issued, instead of putting the plaintiff to the expense and trouble of recommencing his suit. A case is cited where it was held that void process is a fatal defect, or a void process can not be amended. Of course, where a process is void, and yet the case is treated as if the process was sufficient, or where there is an attempt to substitute process returnable to a term already past for process returnable to a term in future, the proceedings would be nugatory; but in any case where, through no fault of the plaintiff, there is an absolute failure to issue process, as also in a case where process may have issued, but, for some reason with which the plaintiff is not chargeable, there has been no service, it is within the power and discretion of the court to preserve the status of the case upon the docket, and to order the issuance of process, returnable to a future appearance term, and service thereof.          *Judgment affirmed.*