23041. MINSK *v.* COOK.

</div>

DECIDED FEBRUARY 21, 1934.

*Hewlett & Dennis, H. J. Haas, Sol I. Goldin,* for plaintiff.
*Sidney Smith,* for defendant.

STEPHENS, J. Mrs. A. Minsk instituted suit against John Cook in Fulton superior court. In the petition it was alleged that the defendant was a resident of Fulton county, Georgia, and process was attached directing him to appear at the next term of court, to be held on the first Monday in May, 1931. On March 24, 1931, service was attempted but was not perfected in time for the May term. On June 26, 1931, after the appearance day of the May term, service on the same process was again attempted but without success. On June 26, 1931, the plaintiff, by an amendment to the petition, which was allowed subject to demurrer, struck the allegation that the defendant was a resident of Fulton county, Georgia, and alleged that he was a resident of Chicago, in the State of Illinois, but was "temporarily in Fulton county, Georgia." On the next day, June 27, 1931, and during the term, the judge of the court in which the petition was filed passed the following order: "It appearing to the court that above case was returnable to the May, 1931, term of Fulton superior court; and it further appearing that service was not perfected to said May, 1931, term, it is therefore

ordered that said cause be made returnable to the September, 1931, term of said court, and that the defendant be required to answer at said term." On the same day the defendant was served personally in Fulton county, Georgia, by a deputy sheriff of that county, with the petition and the process, and this order. Afterwards, on October 2, 1931, the defendant by a special appearance moved "to dismiss the suit," upon the ground that no legal service had been perfected upon him, because the process had not been amended and no new process had issued requiring the defendant to answer at the September term of court. The court sustained the motion and dismissed the case. To this judgment the plaintiff excepts.

It appears, from the recitals in the bill of exceptions, that the petition set out a cause of action against the defendant for damages caused by the negligent homicide of the plaintiff's unmarried child, upon whom she was partially dependent for support and who actually contributed to her support.

The court had jurisdiction of the defendant, whether he was a resident of Fulton county, Georgia, or whether he was a nonresident of the State but in Fulton county, Georgia, when sued. He is sued when service is perfected upon him. Civil Code (1910), § 5531. In either event personal service upon him would have been sufficient to make him a party defendant to the petition in its original shape, wherein it was alleged that he was a resident of Fulton county, Georgia. The petition, therefore, was amendable, subject to demurrer, even before service was perfected by striking the allegation that the defendant was a resident of Fulton county, Georgia, and substituting therefor the allegation that he was a nonresident of the State, but at the time was in Fulton county, Georgia.

In *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545), it was held that "Where process was duly issued in a case requiring personal service, but no service was made by reason of the defendant's absence from the State, the judge had the right, upon the return of the defendant to the State, to pass an order amending the process by making it returnable to the next term after the date of the order and providing for service." Where, when the petition was amended by striking the allegations as to the defendant's residence in Fulton county, Georgia, and substituting therefor an allegation as to his being a nonresident of the State but at the time being in Fulton county, Georgia, it appeared that, by reason of the defendant's absence from

the State, service had not been perfected upon him in time for him to answer at the return term of court, and the process was amendable so as to make the case returnable to the next ensuing term of the court. An order allowing such amendment to the process would have been legal. There was, however, no order specifically amending the process, but the order which was passed and personally served upon the defendant made the case returnable to the September term, and required the defendant to answer at that term. This order contained everything essential to an amended process requiring the defendant to answer at the September term. By the personal service of the order made upon him in time for answering at that term, he was served with notice of everything essential to an amendment to the process which, if served upon him, would have been legal notice that the suit was returnable to that term. *Dobbins* v. *Jenkins, 51 Ga.* 203, seems to recognize this rule. See also *Cox* v. *Strickland, 120 Ga.* 104, 114 (47 S. E. 912, 1 Ann. Cas. 870); *Brown* v. *Tomberlin, 137 Ga.* 596 (2) (73 S. E. 947).

The object of process is to notify the defendant when to appear and answer.. Civil Code (1910), § 5552. Process is amendable so as to be made "conformable to law and justice." Civil Code (1910), § 4644 (6). "No technical or formal objections shall invalidate any petition or process; but if the same substantially conforms to the requisitions of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: Provided, there is a legal cause of action set forth as required by this Code." Civil Code (1910), § 5572. "A substantial compliance with any requisition of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceedings shall be declared void for want of such compliance, unless expressly so provided by the enactment." Civil Code (1910), § 4 (6). The order of the court was substantially, to all intents and purposes, equivalent to an amendment to the process.

While the record does not affirmatively show that the orders of the superior court referred to were passed at the May term of court, there is always a presumption in favor of the validity of an order or a judgment of the superior court. Therefore, otherwise than on the grounds excepted to by the defendant, it may be assumed that all the orders of court referred to were duly and legally passed.

Moreover, it is asserted by counsel for plaintiff in. error that June 26, 1931, which was the date of the amendment to the petition, was in the May term, and this assertion is not contradicted by the defendant in error.

The petition set out a cause of action, and the court erred in quashing the process and dismissing the petition.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., disqualified.*