33277. BANISTER, executor, *et al. v.* HUBBARD.

DECIDED OCTOBER 26, 1950. REHEARING DENIED DECEMBER 15, 1950.

814

*John B. Morris,* for plaintiffs in error.

*Carey Skelton, Joseph S. Skelton,* contra.

GARDNER, J. 1. Did the superior court judge have the power and authority on his own motion to pass the order to which ex-

ception is made? Code § 24-104 (6) provides that a court of this State has the power "To amend and control its processes and orders, so as to make them conformable to law and justice; and to amend its own records, so as to make them conform to the truth." Code § 24-104 (4) provides that courts have the power "To control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." It has been held by the Supreme Court of Georgia that it is the duty of the judge, on his own motion, to interpose and give a case proper direction, where he sees injustice about to be done, and the case is in limine, and there is no estoppel available to either party. "It is the duty of the judge to protect the law from being outraged." It is the sworn obligation of the judge "to see that the law is administered." *Kelly* v. *Strouse,* 116 *Ga.* 872 (8), 893, 894 (43 S. E. 280). The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from its abuse. See *Carr* v. *State,* 76 *Ga.* 592 (2-c). Where the court sees a rule of public policy being violated, during the progress of a trial, he may, "of his own motion, call attention to it, and have the proper corrective applied." *Goodman* v. *State,* 60 *Ga.* 509 (3).

Thus it will be seen that the court here had the full power and authority to act, and to pass, on his own motion, the order here complained of, directing the clerk of the court, an officer thereof, to act.

2. The question now arises, could this petition be amended so as to substitute and attach to the petition a new process which was prayed for and the kind of process required under the provisions of Code (Ann. Supp.) § 81-201, and to which the plaintiff was entitled, for the defective process? In *Burch* v. *Crown Laundry,* 78 *Ga. App.* 421, 424 (50 S. E. 2d, 768), this court ruled that "Although, the purported process attached to the petition . . was void, and although its service was void, and although process was not waived by any act or conduct of either of the corporations at whom the void process was directed, yet the plaintiffs had filed petitions in court showing a plaintiff and a defendant, and setting out sufficiently and specifically

some particular fact or transaction as a cause of action. Section 81-1301 of the Code provides as follows: 'All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by.' Section 81-1302 provides in part as follows: 'A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by.' " This court further held in that case that the omission of the prayer for process was amendable and that the clerk could, after the same had been so amended, properly be directed to add to the petition a new process. The Supreme Court, upon application, granted a certiorari in that case and on certiorari hearing, affirming this court, held: "The attaching of process to a petition which has been amended by adding a prayer for process" was proper. *Crown Laundry* v. *Burch*, 205 *Ga.* 211 (53 S. E. 2d, 116). "Process is the means whereby a court compels the appearance of a defendant before it or a compliance with its demands." *Neal-Millard Co.* v. *Owens*, 115 *Ga.* 959 (42 S. E. 266). Code § 81-201 directs the clerk of the court in which the petition is filed to attach a proper process requiring the defendants to be and appear in court to answer the petition within thirty days after service of the petition. The old law provided that the defendant was to be and appear at the next term of the court to be held in the county. Code § 81-202 then directs that the clerk shall deliver the original petition, with process annexed (referring to a proper process which it is the duty of the clerk to attach), together with a copy thereof, to the sheriff or his deputy who shall serve the same. Such cases as *Scarborough* v. *Hall*, 67 *Ga.* 576, and *Nicholas* v. *British American Assurance Co.*, 109 *Ga.* 621 (34 S. E. 1004), deal with the question of amending void process or supplying process where the clerk has failed to attach the proper process to the petition at the time the same was filed with him, and do not deal with the question of the clerk's inadvertently attaching to such petition, when filed, the old form of process instead of the new one as required under the present Code, and as prayed for by the plain-

tiff. See in addition to the *Crown Laundry* cases, supra, and Code §§ 24-104(4) and (6), supra, Code § 81-1205, which provides that "The mistake . . of a clerk . . shall in no case work to the injury of a party, where by amendment justice may be promoted." The petition in the present case could be amended so as to attach a new and proper process thereto. See *Gay v. Sylvania &c. Ry. Co.*, 79 *Ga. App.* 362 (53 S. E. 713); *W. T. Rawleigh Co. v. Watts*, 68 *Ga. App.* 786 (24 S. E. 2d, 213); *Minsk v. Cook*, 48 *Ga. App.* 567, 570 (173 S. E. 446). This was not a case where the plaintiff sought to cure by amendment a fatal defect in a process, or to supply a process where none had been attached to the petition at the time it was filed with the clerk. It was a case where by order and direction of the court a new and proper process was attached to the petition. The plaintiff had prayed for a process as provided by law, and the clerk attached the old form of process made returnable to the February term 1950 of the court instead of being made returnable within thirty days from the date of service, as now required under the provisions of Code (Ann. Supp.) § 81-201. The clerk was an officer of the court and the court properly directed the clerk to perform the duty required of him by this section, which was to attach to the plaintiff's petition the proper form of process and for which the plaintiff had prayed. There was no fault on the plaintiff's part that a wrong process was attached. She prayed for a proper process. See *Bach Lumber Co. v. Baxley Banking Co.*, 8 *Ga. App.* 251, 252 (68 S. E. 946). The court exercised its broad power and discretion in the premises to assist in and to facilitate the proper administration of justice, and to this end, the court directed an officer of the court, the clerk thereof, to attach to the petition the process to which the plaintiff was entitled by law and for which she had prayed, and then to turn the petition with proper process attached over to the sheriff for service on the defendants. This was a proper direction to the clerk. No one was injured. No injustice was practiced. If the plaintiff's petition stated a cause of action good against a general demurrer, and the court had not given the case the direction which was given, the case could have been dismissed and the same brought over and a proper process attached and served. See *Beach Lumber Co. v. Baxley Banking Co.*, supra.

It will be noted that in principle the only difference between the instant case and the *Crown Laundry Co.* cases, supra, is that in the instant case the court acted on its own motion, whereas in the *Crown Laundry Company* cases, the plaintiff made a motion for the application of the corrective measures in procedure. As we have shown above, this difference is immaterial.

It follows that the court did not err for any of the reasons assigned in passing the order and rendering the judgment excepted to.

3. It appearing that the judgment complained of and assigned as error in this court was not improper, it becomes unnecessary to pass upon the motion of the defendants in error to dismiss the bill of exceptions.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*