## 34221. SCOCCA v. WILT.

MARSHALL, Justice.

In *Scocca v. Wilt,* 241 Ga. 334 (245 SE2d 295) (1978), this court held as follows: "This is an appeal from an order of the trial court dismissing the appellant's appeal for delay in payment of costs in an action seeking to hold the husband-appellee in contempt for failure to pay alimony and child support.

"The record fails to show that the appellant was given notice and an opportunity for a hearing prior to the

order of the court granting the appellee's motion to dismiss. As we read Code Ann. § 6-809 (b) [Ga. L. 1965, pp. 18, 29, as amended] the appellant was entitled to an *opportunity* for a hearing on the appellee's motion to dismiss for delay in payment of costs. The case is therefore remanded to the trial court to conduct a hearing on the motion to dismiss after notice to the appellant." (Emphasis supplied.)

Upon remand, the trial court judge entered the following order: "By consent of counsel, this court's order of November 16, 1977 [the order previously appealed from] was entered after consideration of the briefs submitted, rather than conducting a hearing on the defendant's motion to dismiss the plaintiff's appeal. Therefore, the plaintiff's appeal stands dismissed as originally ordered." The plaintiff appeals from this order. *Held:*

In the prior appeal in this case, we held that the appellant was entitled to an *opportunity* for a hearing, not that there *must* be a hearing. The appellant can waive such a hearing. Code § 102-106. The basis of this appeal, as expressed in the appellant's brief, is that "[n]owhere in the record does it appear that counsel agreed to submit this case to the trial court on briefs." This is not the equivalent of, nor do we treat it as, a denial that there was such an agreement. Such an agreement is not required to be reduced to writing. The trial judge stated in his order that the action he took was "by consent of counsel."

" 'The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from its abuse.' *Banister v. Hubbard,* 82 Ga. App. 813, 816 (62 SE2d 761) and cit.; Code § 24-104; *Checker Cab Co. v. Fedor,* 134 Ga. App. 28 (2) (213 SE2d 485) and cits. Closely correlated to this is 'the prima facie presumption in favor of the good faith of the (public) officer, and that he has done his duty.' *Gormley v. Eison,* 189 Ga. 259, 264 (5 SE2d 643) and cits." *Wheeless v. State,* 135 Ga. App. 406, 408 (7) (218 SE2d 88) (1975); *Clark v. Bd. of Dental Examiners,* 240 Ga. 289, 292 (2) (240 SE 2d 250) (1977). Absent any contention that no such

agreement existed, we will assume that it did, as the trial judge found. Since this agreement did not appear in the record of the previous appeal, our remanding of the case for the purpose of conducting a hearing is not construed so as to require such a hearing in the face of the agreement to waive it, which appears in the present record.

The order appealed from is therefore affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 3, 1978 — DECIDED JANUARY 4, 1979 — REHEARING DENIED JANUARY 23, 1979.

*John D. Varnell,* for appellant.
*Billy J. Smith,* for appellee.