## 61647. GRISWOLD v. THE STATE.

SOGNIER, Judge.

Griswold was convicted of arson in a trial without a jury and appeals on the general grounds. He also contends the trial court erred by admitting a confession into evidence which was not made

voluntarily and was not corroborated by other evidence.

1. On January 2, 1980 W. W. Newberry, Jr. found his new home trailer burning. The trailer was smoldering on the bottom, and brush that had also been on fire was piled up under the area of the trailer that was burning. Newberry called the fire department and removed the brush. The fire was put out and fire investigators determined that the fire had been set deliberately. Later the same night appellant called the assistant fire chief from the police station and told him he (appellant) had set fire to the trailer. He repeated his confession when the assistant fire chief came to the police station; the fire chief informed a police detective and after being advised fully of his rights, appellant confessed to the detective. This evidence is more than sufficient to sustain the conviction, and we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. *Fisher v. State*, 151 Ga. App. 93 (258 SE2d 920) (1979).

2. At trial, appellant testified that prior to his confession, he had drunk a quart of whiskey. He denied setting the fire and testified that he confessed so his stepson could claim a reward offered for conviction of the person setting the fire. However, both the assistant fire chief and the detective testified that they detected no odor of alcohol on appellant's breath; the detective testified that he talked to appellant for five to ten minutes to see if he was under the influence of alcohol or drugs, and he was not. Appellant was advised fully of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)), stated that he understood his rights and waived his right to an attorney. Appellant was not threatened or coerced in any way, and no promises were made to induce his confession; in fact, he was advised that if he admitted committing arson he possibly could receive a jail sentence. In short, there is absolutely no evidence to indicate that appellant's confession was not voluntary.

Factual and credibility determinations as to voluntariness of a confession are normally made by a trial judge at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Daniel v. State,* 150 Ga. App. 798, 801 (2) (258 SE2d 604) (1979). Since the trial judge was also the trier of fact in this case, the weight of the evidence and credibility of witnesses are questions for the trial judge. There is no evidence indicating that the trial court's determination of voluntariness was erroneous, and thus, it was not error to admit appellant's confession into evidence.

3. Appellant contends the evidence presented is not sufficient to corroborate his confession, and that he cannot be convicted on his confession alone. (See Code Ann. § 38-420). As pointed out in

Division 1, a house trailer was found on fire, and there was undisputed testimony that the fire was set. Additionally, Newberry's trailer was directly in front of appellant's trailer; appellant was Newberry's tenant, and was angry at Newberry because of bugs in his (appellant's) trailer; the trailer was new, and no electricity was hooked up to it which could start a fire; and there was no brush under the trailer when Newberry put it there. Additionally, appellant was in his trailer from about 4:00 p.m. until he went to the police station about 12:30 or 1:00 a.m. on the night the fire occurred. The question of the amount of evidence necessary to corroborate a confession is left to the jury (trier of fact), and the jury "may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction." *Gilder v. State,* 219 Ga. 495, 497 (133 SE2d 861) (1963). Applying this rule to the instant case, we find that the trial court was authorized to find that the confession was corroborated as required by Code Ann. § 38-420.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 19, 1981.

*Robert A. Whitlow,* for appellant.
*Stephen A. Williams, District Attorney, Mike Cherof, Assistant District Attorney,* for appellee.