## 63092. NEESMITH v. THE STATE.

SOGNIER, Judge.

After a plea of guilty, appellant was convicted of robbery. About two months thereafter, he made a motion to withdraw his plea of guilty; the motion was denied and appellant asserts such denial as error. He contends that (1) he was denied effective assistance of counsel; (2) his plea of guilty was not entered voluntarily; and (3) the trial judge entered his ruling on appellant's motion before expiration of the time set for submission of briefs on the issues raised at the motion hearing.

1. An evidentiary hearing was held on appellant's motion. The transcript discloses that appellant was uncooperative with his counsel. It discloses further that through diligent plea bargaining appellant's counsel was able to get appellant's charge reduced from armed robbery by force to robbery. Counsel negotiated a sentence agreement of three years confinement, five years probation, a $1,000 fine and restitution of $8,000. These negotiations were conducted

with appellant's knowledge and approval, and he was advised personally of the progress of the negotiations. Appellant personally approved the negotiated plea and thereafter pleaded guilty voluntarily. He also confirmed the terms of the agreement in open court. Contrary to appellant's contentions, his attorney was present when appellant's plea of guilty was entered. Applying the standards set forth in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974), we find that appellant was not denied effective assistance of counsel. Further, the transcript discloses that appellant's plea was entered freely and voluntarily, with full knowledge of its meaning and effect.

2. The trial court stated on April 6, 1981 (the date of the motion hearing) that it would defer ruling on the motion until the transcripts of the hearings in this case held on January 19 and February 9, 1981 were prepared by the court reporter. The court reporter stated that she would have the transcripts ready the following day (April 7th) and the trial court's order was, in fact, entered on April 7, 1981. The trial court also stated that if counsel desired to present "written argument" they could do so, provided such arguments were submitted to the court no later than Friday, April 10, 1981. Because the court entered its order on April 7th, appellant contends the court violated its "conditions precedent" that it would defer ruling on appellant's motion until April 10th, after written arguments, if any, were submitted. We do not agree.

We note initially that the record does not support appellant's contention, for the court did not state that it would defer ruling until written arguments were received by the court. Rather, the court stated it would defer ruling until transcripts of prior hearings were received. It has been held consistently by our appellate courts that "[t]he judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from its abuse." *Banister v. Hubbard,* 82 Ga. App. 813, 816 (1) (62 SE2d 761) (1950); *Wheeless v. State,* 135 Ga. App. 406, 408 (7) (218 SE2d 88) (1975); *Clark v. Board of Dental Examiners,* 240 Ga. 289, 292 (240 SE2d 250) (1977); *Scocca v. Wilt,* 243 Ga. 2, 3 (252 SE2d 401) (1979). " 'Closely correlated to this is "the prima facie presumption in favor of the good faith of the (public) officer, and that he has done his duty." [Cit.]' " *Scocca,* supra. Applying this rule to the instant case, we find no abuse of discretion resulting in any wrong, particularly where extensive oral arguments were presented by both the appellant's counsel and counsel for the state at the time of hearing. Accordingly, this enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 2, 1982.

*John H. Calhoun, Jr.,* for appellant.
*James Wiggins, District Attorney, C. David Gafnea, Assistant District Attorney,* for appellee.