## 63038. BROOKS v. THE STATE.

SOGNIER, Judge.

Revocation of probation. On April 22, 1981 the Superior Court of Bibb County issued a Rule Nisi (probation) based on appellant's violation of the terms of his probation. At a hearing scheduled for May 26, 1981 the state's witnesses did not appear and appellant moved for dismissal of the rule nisi. The motion was denied and the hearing was rescheduled for June 8, 1981. The state again was not ready to proceed on that date and the trial court dismissed the rule nisi, without prejudice. A new rule nisi was issued by the same court on June 12, 1981, alleging the same grounds for appellant's violation of probation as were stated in the initial rule nisi. Appellant's motion to dismiss the second rule nisi was overruled at a brief hearing on June 16, 1981 and his probation was revoked. Although appellant enumerates three errors, they all allege that dismissal of the rule nisi dated May 26, 1981 was res judicata as to all issues raised in that rule, and the trial of appellant on an identical rule nisi violated Code § 27-2713, as well as violating appellant's right to due process of law. We do not agree.

"In general, a rule nisi is a process (order) of court which issues in pending litigation to formally notify parties of and compel them to appear at hearings for determination, prior to trial and final judgment, of preliminary, temporary or other interlocutory matters." *Herring v. Standard Guaranty Ins. Co.,* 238 Ga. 261, 262 (232 SE2d 544) (1977). Georgia uses a rule nisi where other jurisdictions use a notice of hearing. Id., fn. 1. Thus, dismissal of the rule nisi, without prejudice, by the court was, in effect, dismissal of the court's own show cause order to appellant, and not a ruling on the merits of the probation revocation. "The judge has a discretion in regulating and

controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from its abuse." *Banister v. Hubbard,* 82 Ga. App. 813, 816 (1) (62 SE2d 761) (1950); *Neesmith v. State,* 161 Ga. App. 463 (288 SE2d 718) (1982). We find no abuse of discretion in the court's dismissal of its own rule nisi and issuance of a new rule nisi for the same purpose, i.e., to conduct a hearing as to why appellant's probation should not be revoked. Such action did not subject appellant to double jeopardy. Appellant was not denied due process of law, and his enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 1, 1982.

*James M. Wootan,* for appellant.

*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.