I respectfully dissent. I believe the severity of the prosecutorial misconduct, as detailed in the majority opinion, calls for this Court's exercise of its supervisory and inherent power to correct the basic unfairness that permeated this trial. I appreciate the opinion's reliance upon the "preservation of error" rule; but, in my opinion, the ethical considerations here involved transcend that traditional rule and invoke the trial court's affirmative duty to control the conduct of the lawyers as trial counsel and officers of the court.
Look again, if you will, at the cumulative effect of the district attorney's conduct: First, he sat at the counsel table knowing that he was going to testify as a material witness for the State; then, in fact, he did testify; next, he examined and cross-examined witnesses concerning the very matters about which he had testified; and, finally, he argued the State's case to the jury. The gravity of the district attorney's improper conduct is dramatized when we look beneath the surface of these events and recognize that the purpose of his testimony was to contradict the testimony given by the Defendant; and then he compounded the error by arguing to the jury his own credibility.
When it was first brought to the trial court's attention that the district attorney was a potential witness, the court should have given the district attorney a choice: either he could participate at the trial as the State's counsel or he could testify. He could not do both under the instant circumstances. In fact, if the district attorney had been forced to make an election at this point in the trial, pursuant to the clear mandate of the Code of Professional Responsibility, the errors that followed would not have occurred. (It should be noted here that this adverse ruling was properly preserved by an appropriate objection.) As to the applicability of the Code of Professional Responsibility to district attorneys, see Waldropv. State, 424 So.2d 1345 (Ala.Cr.App. 1982).
But, beyond this, when the district attorney was excused from the rule regarding the presence of witnesses in the courtroom, and then presented himself as a witness on behalf of the State, the trial court should have interceded. Because the court did not intercede at this point, when the district attorney further participated in examining and cross-examining witnesses and arguing the case to the jury, the court should have acted on its own, in the interest of basic fairness, to declare a mistrial. Moreover, the trial court's sua sponte action was called for because trial counsel's improper conduct was in open court and in the presence of the judge. See People v. Arends,155 Cal.App.2d 496, 318 P.2d 532 (1957).
For a good statement of the rule that the trial judge is more than a mere referee in a contest between opposing parties or counsel, see 88 C.J.S. Trial § 36 (1955). While the court is allowed a considerable latitude of discretion in the conduct of the trial, the trial court's not taking corrective action, *Page 995 
when required by the facts, is as much an abuse of judicial discretion as an improperly exercised discretion. Strzebinskav. Jary, 58 R.I. 496, 193 A. 747 (1937); and Banister v.Hubbard, 82 Ga. App. 813, 62 S.E.2d 761 (1950).
While the primary line of defense against improper prosecutorial conduct lies with the trial court, an appellate court should not hesitate to correct an error that has not been corrected at the trial level. As succinctly stated in Alschuler, Courtroom Misconduct by Prosecutors and Dial Judges, 50 Tex.L.Rev. 629, 655-56 (1972):
 "In deciding what significance to attach to the lack of objection, the courts should consider the effectiveness of the remedy that the trial court would probably have provided, the tactical obstacles that may have stood in the way of an objection (either the fear of provoking jury resentment or the danger of re-emphasizing the prosecutor's improper remarks), the extent to which it is necessary that the defendant suffer for his attorney's carelessness, and the public interest in securing dignified and accurate adjudication. . . . When these factors enter the balance, there can be no justification for an unyielding requirement of contemporaneous objection."
For the foregoing reasons, I would reverse the judgment of the Court of Criminal Appeals.