69686, 69687. WHITE v. THE STATE (two cases).

(330 SE2d 381)

SOGNIER, Judge.

Appellant was convicted of burglary. His counsel filed a request to withdraw as counsel and a brief in support thereof, which was not granted. Appellant filed a separate enumeration of errors and brief.

1. Appellant contends the trial court erred by naming appellant lead counsel in the case after his request to have appointed counsel replaced was denied. Appellant made his request for a different counsel at the commencement of trial, and when the request was denied appellant requested that he be allowed to represent himself. The court stated it would allow appointed counsel to present the case, but would allow appellant to present his own opening statement, and cross-examine witnesses further after appointed counsel completed cross-examination. He also allowed appellant the opportunity to make a closing argument after appointed counsel completed his closing argument. Because appellant stated his disagreement with appointed counsel concerned the proper theory on which to proceed, the trial court ruled that appellant would be lead counsel, thus having control over presentation of his case.

An indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. *Burney v. State*, 244 Ga. 33, 35 (1) (257 SE2d 543) (1979). Such a request addresses itself to the sound discretion of the trial court, and we find no abuse of that discretion. Id.

Appellant argues that because appointed counsel "did all the representation" when appellant was supposed to be lead counsel, he was prejudiced by not being allowed to actively participate in the case.

As stated above, the trial court specifically authorized appellant to participate fully in his own defense, and as lead counsel he was in control of trial strategy. Thus, appellant's argument is not supported by the transcript and this court cannot consider factual representations in a brief which do not appear in the record. *Gray v. State*, 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980). The fact that appellant himself chose not to exercise the authority granted him by the trial court cannot now be alleged as error, as induced error is impermissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

2. Appellant contends he was denied effective assistance of counsel by his appointed counsel. We have examined the entire transcript and find that appointed counsel conducted extensive cross-examination and made appropriate objections to the presentation of the State's case in chief. Counsel was faced with overwhelming evidence of appellant's guilt through the testimony of numerous eyewitnesses who saw appellant enter the victim's home without authority, saw

him leave the home, and aided in his apprehension at the scene while still in possession of goods stolen in the burglary. The effectiveness of counsel cannot be measured fairly by the results of a criminal trial or appeal, but is measured upon the reasonable effectiveness of counsel at the time the services were rendered. *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974); *Neesmith v. State,* 161 Ga. App. 463, 464 (1) (288 SE2d 718) (1982). Applying this standard to the instant case, we find that appellant was not denied the effective assistance of counsel.

3. In addition to appellant's enumerated errors we have examined appointed counsel's brief, submitted in connection with his request to withdraw as counsel, raising points of law which he considered could arguably support an appeal. We are in agreement with counsel that none of the points raised, though persuasively presented, have any merit. We have also examined the record and transcript independently and find no errors of law. The evidence adduced at trial was sufficient to meet the standards of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 2, 1985 — 

*Kenneth R. Croy,* for appellant.

Gregory B. White, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.