### 73681. SANDERS v. THE STATE.
(356 SE2d 537)

SOGNIER, Judge.

Appellant was convicted at a bench trial of child molestation and aggravated sodomy, and he appeals.

1. In his first two enumerations of error appellant contends the trial court erred by admitting his statement to police into evidence, and that even if the first portion of his statement was admissible, it was error to admit the portion of appellant's statement made after he requested an attorney.

Evidence on this issue disclosed that after appellant was arrested by the Douglas County authorities pursuant to an arrest warrant issued in Gwinnett County, he was jailed overnight in Douglas County. When he was picked up the following morning by Charles Brewer, an investigator with the Gwinnett County Sheriff's Department, Brewer advised appellant of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) before leaving the jail. On arrival at the Gwinnett Police Department, appellant was taken to an interview room and was again advised of his rights by Brewer. Appellant said that he understood his rights and signed a "Waiver of Rights" form; he then answered questions by Brewer, denying that he molested the victim. Brewer wrote down the questions and answers, and midway through the fourth page of appellant's statement, appellant said that he wanted to talk to a lawyer; Brewer immediately

stopped and said he was not going to ask appellant any more questions. Brewer had appellant read what was written up to that point, and appellant then signed each page of the statement. As soon as appellant signed the statement, he asked Brewer what would happen if he told Brewer the allegations were true. Brewer reminded appellant that he said he wanted to talk to a lawyer, but appellant asked if he would go to jail, then said he wanted to continue his statement without his attorney. Appellant then admitted that he had molested the victim and that he had attempted to commit anal sodomy on her.

Appellant testified that he had consumed a quart of whiskey the day that he was arrested and had had nothing to eat or drink after being arrested and incarcerated overnight at the Douglas County jail. He testified that at the time of his statement he was hung over and in a state of shock, so he really did not know what was going on during the interrogation. However, he acknowledged that the signatures on the waiver form and the statement were his signatures.

We find no error by the trial court in admitting the statement into evidence. Despite appellant's testimony, Brewer testified that appellant was not under the influence of alcohol or drugs; there was no indication that appellant did not understand Brewer's questions; no threats or promises were made to induce appellant's statement; he was given a soft drink and some crackers by another detective; and his statement was made freely and voluntarily. There is no question that appellant was advised properly of his rights and signed the waiver form knowingly, intelligently and voluntarily despite his assertions to the contrary. Factual and credibility determinations as to voluntariness of a confession are normally made by the judge at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error here.

As to the latter portion of appellant's statement after he said he wanted a lawyer, an analysis of whether a suspect who has invoked his right to counsel under *Miranda*, supra, has later waived that right proceeds in two steps. First, a determination as to whether the *defendant* initiated further talks with the police, and second, if so, whether his waiver was shown to be voluntary under the totality of the circumstances. *Oregon v. Bradshaw*, 462 U. S. 1039 (103 SC 2830, 77 LE2d 405). See also *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378). The record makes it clear that after stating he wanted to talk to a lawyer, appellant initiated the conversation leading to his confession by asking what would happen if he told the truth. Even after Brewer's reminder that appellant had said he did not want to talk without an attorney, appellant continued asking questions and then stated he wanted to continue his statement without an attorney. Thus, the first prong of the test set forth in *Brad-*

*shaw,* supra, was met. As to the second prong of the test, it is also clear that the second waiver was voluntary. Brewer recorded appellant's questions and Brewer's responses; when appellant said he wanted to continue without an attorney, Brewer told appellant to read what Brewer had written to see if it was accurate and if so, to sign again as to that portion of the statement. Appellant read the statement, said it was accurate and signed again beneath this portion of the statement, including the statement that "[h]e said he wanted to continue his statement without his attorney." Under such circumstances, we find appellant made a valid waiver of his right to an attorney after he had earlier invoked that right. Accordingly, it was not error to admit into evidence the entire statement made by appellant.

2. Appellant contends error in denial of his motion for a directed verdict of acquittal on the aggravated sodomy charge (Count 2) because of a failure by the State to prove that venue as to that offense was in Douglas County. As to both counts of which appellant was convicted, he also contends his motion for a directed verdict of acquittal should have been granted because the State failed to prove the offenses occurred on the specific dates alleged in each count.

In regard to venue as to the aggravated sodomy charge, there is nothing in the record to indicate or establish that this offense occurred in Douglas County. The only direct evidence as to venue is found in the statement of appellant, who said the offense occurred at 955 Lake Drive, Lithonia, Georgia; Brewer testified that that address in Lithonia is in Gwinnett County. The victim's mother, Carol Vines, gave no testimony as to where or when the offense occurred; she testified only that the victim told Vines appellant had been playing with her (the victim's) "pee pee." The victim's mother and grandmother went to Gwinnett County authorities to report the alleged offenses, and Gwinnett County conducted the investigation of the charges and issued the arrest warrant for appellant. Hence, the direct evidence and all circumstantial evidence indicate that the offense of aggravated sodomy occurred in Gwinnett County.

OCGA § 17-2-2 (a) provides: "In general. Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law." OCGA § 17-2-2 (h) provides: "Crime in more than one county. If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed."

Although the State argues that § 17-2-2 (h) is applicable to the facts of this case, there is no evidence of record to show beyond a reasonable doubt that the offense in question might have been committed in Douglas County. On the contrary, both the direct and circumstantial evidence presented by the State shows that the offense

occurred in Gwinnett County. Accordingly, it was error to deny appellant's motion for a directed verdict of acquittal as to Count 2 of the indictment based on the State's failure to establish venue in Douglas County.

In regard to appellant's contention that his motion for a directed verdict of acquittal should have been granted as to Count 1 (child molestation) because the State failed to prove the offense occurred on the specific date alleged, that contention is without merit.

Unless time is an essential element of the offense charged the time of the commission of the offense alleged in the indictment is immaterial. To sustain a conviction, there must be proof to establish that the offense occurred prior to return of the indictment and within the statute of limitation. *Reynolds v. State,* 147 Ga. App. 488, 490 (3(b)) (249 SE2d 305) (1978). See also *Carpenter v. State,* 167 Ga. App. 634, 742 (9) (307 SE2d 19) (1983). In appellant's statement he confessed to molesting the victim about three weeks previously in Douglasville, which would have been about February 1, 1986. This was prior to return of the indictment on April 11, 1986, and was within the four-year statute of limitation for child molestation. See OCGA § 17-3-1 (c). Time was not an essential element of the offense charged, and the prosecuting attorney stated immediately after appellant's opening statement that the State was not relying on the specific date alleged in the indictment, and the date was not made an essential element of the offense charged. Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal on the ground stated.

3. Appellant contends error in admitting hearsay testimony, namely, statements made by the four-year-old victim to her mother and grandmother indicating that appellant had molested the victim. This enumeration of error is without merit.

OCGA § 24-3-16 provides: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." In the instant case the child was available to testify and the trial court found that the circumstances of the statement by the child provided sufficient indicia of reliability. Hence, there was no error in allowing such testimony. See *Williams v. State,* 180 Ga. App. 562, 564 (1) (349 SE2d 797) (1986).

4. Appellant contends the trial court erred by overruling his objection to the prosecutor "whispering secret information, advice and counsel" to a State witness while she was on the witness stand. During direct examination of the victim's grandmother, the prosecuting

attorney asked the court's permission to ask the witness something (apparently sotto voce) "to make sure we're going in the right direction." Appellant's objection to this procedure was overruled, the court stating that it could have recessed and allowed the prosecutor to talk to the witness, but thought it more expeditious to allow the prosecutor to spend fifteen seconds for this purpose rather than fifteen minutes trying to get started again. This was a bench trial and we find nothing erroneous in the procedure followed by the court. The judge has discretion in regulating and controlling the business of the court and an appellate court should never interfere with the exercise of this discretion unless it is plainly apparent that wrong has resulted from its abuse. *Neesmith v. State*, 161 Ga. App. 463, 464 (2) (288 SE2d 718) (1982). We find no wrong or prejudice resulting from the court's action, particularly where, as here, there is no indication that the prosecuting attorney did anything not permitted by the court. Other than appellant's bare assertion that the prosecuting attorney was whispering secret information, advice and counsel to the witness, there is nothing to support appellant's allegation that the prosecuting attorney was coaching the witness. An appellant must show harm as well as error to warrant reversal. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). We find no harm resulting from the court's action and appellant has referred us to none. Accordingly, there was no error.

5. Appellant contends the trial court erred by admitting into evidence the affidavit of Glenda Parker (Sanders). The affidavit was made by Parker, appellant's common-law wife, in connection with appellant's application for bond prior to trial. The prosecuting attorney asked Parker, a State witness, if she indicated in her affidavit that appellant had not hurt the child. Appellant's objection to Parker's testifying by affidavit was overruled, and he contends this was error.

Contrary to appellant's assertion Parker did not testify by affidavit. The prosecuting attorney was questioning Parker about her prior out-of-court statement (the affidavit) that appellant did not hurt the victim, and was attempting to ascertain the basis for that statement, i.e., whether it was based on personal knowledge or was based on hospital records Parker had seen. Parker was under oath and subject to cross-examination about her testimony and her affidavit, and thus, the concerns of the rule against hearsay are satisfied. *Brannon v. State*, 176 Ga. App. 781 (1) (337 SE2d 782) (1985); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985); *Edwards v. State*, 255 Ga. 149, 151 (2) (335 SE2d 869) (1985). Accordingly, there was no error.

*Judgment affirmed as to Count 1 (child molestation). Judgment reversed as to Count 2 (aggravated sodomy). McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 9, 1987.

Ray C. Norvell, Sr., for appellant.
Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney, for appellee.