76196. MIZE v. THE STATE.
(370 SE2d 525)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of the offense of arson in the first degree and one count of influencing a witness. *Held:*

1. The arson charges arose from the destruction by fire of defendant's residence. At trial one of the State's witnesses was an eight-year-old child who testified that she had seen defendant at his residence on the day of the fire. Defendant's first three enumerations of error involve defendant's attempts to present evidence of prior contradictory statements of the young witness.

The evidence which defendant sought to present was recorded on a video cassette tape. On the date of the trial, defendant moved for an order to provide for courtroom use of a video cassette recorder ("VCR"). The trial court did not err in denying defendant's motion as untimely filed. See Rule 31.1 of the Uniform Rules for the Superior Courts; *Tillman v. State*, 184 Ga. App. 210, 211 (3) (361 SE2d 66). Moreover, there was no denial of due process since defendant was afforded an opportunity to prepare a transcript of the video tape, which was used by defendant at trial.

Following direct and cross-examination of the child, the trial court permitted defendant to reserve the right to recall the child for continuation of cross-examination after a transcript of the video cassette tape could be obtained. During a colloquy with counsel, which preceded recalling the child, the trial court stated: "You [apparently the district attorney] have rested and I allowed the defendant to recall one witness for continuing cross-examination due to the fact you [apparently defense counsel] had to get the transcript made on a VCR that the Court refused to allow you to use, and *this will be for impeachment testimony only*. We will play it by ear as we go along." (Emphasis supplied.) Defendant contends that the emphasized language was error in that it was in direct contradiction of the ruling in *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717), which would permit

use of the child's prior contradictory statement as substantive evidence as well as for impeachment purposes. However, we find no error in the trial court's direction to defense counsel. Contrary to defendant's contention the trial court did not admonish defense counsel that the witness' prior statements could be used for impeachment only. The trial court's direction related to the scope of inquiry on the recall of the witness for a continuation of cross-examination following preparation of the transcript of the video tape. The trial court's direction did not address the effect of any evidence.

Defendant also contends the trial court erred in not allowing defense counsel to read the transcript of the video tape to the jury or allowing defense counsel to show the video tape to the jury. However, while defense counsel was permitted to use the transcript in an attempt to impeach the witness, defendant never attempted to establish proper authentication by foundation in regard to either the video tape or transcript. Consequently, the trial court did not err in refusing to admit into evidence the video tape and transcript thereof. Compare *Smith v. State*, 171 Ga. App. 758, 761 (5) (321 SE2d 213); *Steve M. Solomon, Jr., Inc. v. Edgar*, 92 Ga. App. 207, 211 (3), 212 (88 SE2d 167); *Elliott v. State*, 168 Ga. App. 781, 784 (3) (310 SE2d 758); *King v. State*, 168 Ga. App. 291, 292 (3) (308 SE2d 612).

2. The count of the indictment charging defendant with the offense of influencing a witness charged that defendant committed the offense of influencing a witness in an endeavor to deter his accomplice and co-indictee Gentry from testifying against him on the arson charges by threatening Gentry and his family with death if he testified. Defendant's conviction of the offense of influencing a witness was not authorized as the evidence did not establish proper venue in Rockdale County. OCGA § 16-10-93 provides that: "A person who, with intent to deter a witness from testifying freely, fully, and truthfully to any matter pending in any court . . . , communicates, directly or indirectly, to such witness any threat of injury or damage to the property or person of the witness or to the . . . person of any relative of the witness . . . shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years." OCGA § 17-2-2 (a) provides: 'In general. Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law.' OCGA § 17-2-2 (h) provides: 'Crime in more than one county. If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed.'" *Sanders v. State*, 182 Ga. App. 581, 583 (2) (356 SE2d 537).

The evidence in the case sub judice shows but one threat communicated to Gentry. The threat was communicated to Gentry by tele-

phone. At that time Gentry was in DeKalb County and there is no evidence as to the location from which defendant was speaking. Accordingly, it was error to deny defendant's motion for directed verdict of acquittal as to the offense of influencing a witness. *Sanders v. State*, 182 Ga. App. 581, 583 (2), supra; *Overcash v. State*, 111 Ga. App. 549, 550 (2) (142 SE2d 306).

*Judgment affirmed as to the convictions and sentences for the offenses of arson in the first degree. Judgment reversed as to the conviction and sentence for the offense of influencing a witness. Pope and Benham, JJ., concur.*

DECIDED JUNE 3, 1988.

*Morton M. Wiggins III, Edward D. Tolley*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.