*Eugene W. Walters*, for appellees.

## A89A0098. JONES v. THE STATE.
(383 SE2d 168)

BEASLEY, Judge.

Jones appeals his convictions and sentences for criminal damage to property in the second degree, OCGA § 16-7-23, and possession of a firearm by a convicted felon, OCGA § 16-11-131, for shooting and killing a cow with calf on the owner's fenced-in property.

1. Appellant contends the court erred in admitting into evidence an inculpatory letter which he allegedly wrote to the sheriff, on the ground the totality of the surrounding circumstances shows it was involuntary.

Specifically, Jones cites the following as showing involuntariness. 1) He was under considerable strain because he feared returning to prison and was asking for reward/benefit from the sheriff. 2) At the time he was advised of his rights as articulated in *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), the day after his arrest, he expressed his desire for an attorney; despite this both the letter and an interrogation by the sheriff, which was ruled inadmissible, occurred after defendant's request for an attorney but before he was able to consult with one. 3) The inadmissible conversation with the sheriff may have precipitated the letter. 4) His bond was kept at an artificially high level.

The trial court conducted a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), and concluded that the statements in the letter and its delivery to the sheriff constituted a voluntary and spontaneous communication initiated by Jones without any coercive activity on the part of the sheriff or any other involved person; Jones had been fully and completely advised of his rights (the day after his arrest); the letter was received sometime during Jones' incarceration (of approximately two months); the statements were made without any threats or promises of reward or benefit; there was no evidence otherwise; Jones was not under the influence of alcohol or drugs.

"Factual and credibility determinations as to voluntariness of a confession . . . made by a trial judge at a suppression hearing . . . must be accepted by appellate courts unless such determinations are clearly erroneous. [Cit.]. . . ." *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981).

"[A]n analysis of whether a suspect who has invoked his right to counsel under *Miranda*, supra, has later waived that right proceeds in two steps. First, a determination as to whether the *defendant* initi-

ated further talks with the police, and second, if so, whether his waiver was shown to be voluntary under the totality of the circumstances. *Oregon v. Bradshaw*, 462 U. S. 1039 (103 SC 2830, 77 LE2d 405) [1983]. See also *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) [1981]." *Sanders v. State*, 182 Ga. App. 581, 582 (1) (356 SE2d 537) (1987).

The record supports the trial court's finding that Jones initiated the communication to the sheriff. It also supports the finding that Jones' waiver was voluntary under the totality of the circumstances. The fact that the admission by letter was made while Jones was incarcerated does not in and of itself justify exclusion on the basis of involuntariness. *Russell v. State*, 196 Ga. 275, 283 (2) (26 SE2d 528) (1943). Furthermore, there was no evidence of threats or promises of benefit or reward made to Jones (such as release from jail or assignment to run-around status) as inducement for the letter, no evidence the letter was prompted by other statements later found inadmissible, and no evidence Jones' bond was set extraordinarily high. It is notable that the letter with the admission was sent after defendant's stepfather and defendant had, before defendant's arrest, visited the sheriff and offered to pay for the cow.

The trial court's determination of voluntariness was not clearly erroneous; therefore, we find no error in the admission of appellant's letter confession into evidence.

2. Appellant contends he was denied due process and thus his right to a fair trial under the Federal and State Constitutions when agents of the State failed to preserve physical evidence by disposing of the bullet taken from the cow after the bullet was inadvertently sawed in half and disposing of numerous other notes or letters received by the sheriff allegedly from him.

Jones argues that the accident causing the bullet to be destroyed kept him from proving that the fatal bullet came from some weapon other than the .22 caliber rifle as alleged by the State. The destruction of the notes meant that neither counsel nor the jury had the opportunity to make an independent judgment as to whether the inculpatory letter had been written by him; the basis for the sheriff's identification of him as the writer could not be questioned; the notes were evidence of his state of mind, which would show involuntariness.

Although appellant filed numerous pretrial motions including an "Omnibus Motion" which, inter alia, asked for ballistics examination, he did not, either prior to or during trial, complain about the destruction of evidence. "This court will not consider issues raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985)." *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 2, 1989.

*Morris & Webster, Lee W. Fitzpatrick*, for appellant.
*David E. Perry, District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.