A89A1038. WASHINGTON v. THE STATE.
(385 SE2d 767)

McMURRAY, Presiding Judge.

Defendant was indicted for armed robbery. The evidence at a jury trial showed that defendant and a companion entered a convenience store in Savannah, Georgia, on February 11, 1988. Defendant displayed a gun and defendant's companion ordered the convenience store clerk to open the cash register. The clerk complied and defendant's companion reached across the check-out counter and took $25 from the cash register. Defendant and his companion then fled. A surveillance camera recorded the crime and produced several color photographs of defendant and his confederate. Detective J. C. Whitcomb, of the Savannah Police Department, identified defendant from the photographs and later arrested defendant at this home. While in police custody, defendant was advised of his *Miranda v. Arizona*, 384 U

S. 436 (86 SC 1602, 16 LE2d 694), rights. Defendant indicated that he understood his rights and that he did not wish to make a statement, commenting that the police "didn't have any evidence against him." Detective Whitcomb then told defendant that he had a photograph of defendant at the scene of the robbery and that he had "a statement from a codefendant." Defendant asked to see the photograph and Detective Whitcomb complied. "At that point, [defendant] said, what have I got to lose . . ." and Detective Whitcomb questioned defendant and obtained the following tape recorded interview:

"[Detective Whitcomb:] Mr. Washington, you've been read a constitutional rights form and you signed the rights form; is that correct? [Defendant:] Yes, sir. Q. You understand what your constitutional rights are? A. Yes, sir. Q. And you're willing to talk to me in reference to the armed robbery that took place last night? A. Yes, sir . . . Q. Did you all go in the store a couple times before the robbery or did you go right in and get the beer and rob the place? A. Went in a couple times . . . Q. I mean, you went in to check it out? A. Yes, sir. Q. Who decided to do the robbery? A. We both did. Q. Where'd the gun come from? A. I don't know. Q. What happened to the gun? A. I don't know. Q. Anything else you want to tell us about the robbery? A. No, sir. . . . Q. You understand what your constitutional rights were before? A. Yes, sir. Q. Nobody's forced you to make a statement? A. No, sir. Q. Did anybody promise you anything at all? A. No, sir. Q. You were making it free and voluntarily? A. Yes, sir. Q. And no duress at all[?] A. No, sir. I'm under the influence of drugs. Q. You're under the influence of drugs[?] A. Yes, sir. Q. All right, what kind of drugs are you under the influence of? A. Cocaine and reefer and beer. Q. How much cocaine and reefer did you have? A. About a eight ball, an eighth of an ounce. Q. Are you so under the influence you don't understand what's going on? A. No, sir. Q. Do you understand what's going on? A. Yes, sir. Q. You say you're high now? A. Partial. Q. Partially high[?] A. Yes, sir. Q. Okay, but you're in full control of your faculties[?] A. Yes, sir. Q. And you understand what's going on[?] A. Yes, sir." Defendant was found guilty and this appeal followed. *Held*:

In three enumerations, defendant contends the trial court erred in allowing his statement into evidence. Defendant argues that "the police did not scrupulously honor his request not to make a statement" and that the statement was not freely and voluntarily made "because [he] was intoxicated" and because "an offer of reward was made by the police."

At a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), hearing Detective Whitcomb testified that defendant was offered no reward or inducement for making the statement; that defendant was not threatened or coerced into making a statement and that defendant did not appear to be under the influence of alcohol or drugs, i.e.,

defendant's speech was clear, he had no problem walking and he seemed to be in complete control of his bodily senses. Detective Whitcomb further testified that he fully explained to defendant his *Miranda v. Arizona,* supra, rights; that defendant indicated that he understood his rights and that, after examining a photograph that depicted defendant during the robbery, defendant decided to waive his constitutional right to remain silent and talk to Detective Whitcomb.

The fact that defendant initially asserted his right to remain silent, did not absolutely bar subsequent questioning. "The [United States] Supreme Court, in rejecting such an absolute bar, observed that 'a blanket prohibition against the taking of voluntary statements or a permanent immunity from further interrogation, regardless of the circumstances, would transform the *Miranda* safeguards into wholly irrational obstacles to legitimate police investigative activity, and deprive suspects of an opportunity to make informed and intelligent assessments of their interests.' *Michigan v. Mosley,* 423 U. S. 96, 102 (96 SC 321, 46 LE2d 313) (1975); *Bright v. State,* 251 Ga. 440, 445 (306 SE2d 293) (1983). In such a case, the test for admissibility of a statement is whether the asserted right to terminate the questioning was scrupulously honored. Ibid." *Wright v. State,* 169 Ga. App. 693, 695 (1) (314 SE2d 709).

In the case sub judice, Detective Whitcomb did not question defendant after defendant indicated that he did not wish to make a statement. The detective merely responded to defendant's comment — that the police "didn't have any evidence against him" — by informing defendant of the evidence the State had accumulated in the case. In response, defendant requested to examine some of this evidence and, after doing so, defendant decided to talk to the detective, affirming that he understood his constitutional rights, that he was not "forced . . . to make a statement," that no one promised him "anything at all," that he made the statement "freely and voluntarily" and that he was under "no duress at all." Under these circumstances, we cannot say that Detective Whitcomb failed to "scrupulously honor" defendant's initial request to remain silent or that the trial court erred in finding that defendant knowingly, freely, and voluntarily made a statement to the police, without hope of benefit and under no duress. "Factual and credibility determinations as to voluntariness of a confession are normally made by the judge at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State,* 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981)." *Sanders v. State,* 182 Ga. App. 581 (1), 582 (356 SE2d 537). The trial court did not err in allowing defendant's statement into evidence.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.