35055, 35056. HANCOCK v. OATES (two cases).

MARSHALL, Justice.

The appellant filed a petition for revision of permanent alimony (Case No. 35055) and an application for attachment for contempt for failure to pay alimony (Case No. 35056). Rules nisi set the hearing for March 2, 1979. On March 1, 1979, the appellee filed an answer and a counterclaim for modification of visitation rights.

On March 2, 1979, the trial court entered orders as follows: "The above and foregoing matter having come on regularly to be heard on the 2nd day of March, 1979, pursuant to a rule nisi duly entered by the court and plaintiff having failed either to answer ready or to move for a continuance within three minutes of the call of the case; and defendant's counsel having moved for a dismissal of plaintiff's complaint [in Case No. 35055; "motion" in Case No. 35056] for failure to either answer ready or move for a continuance within three minutes of the call of the case, it is ordered that the plaintiff's complaint [motion in Case No. 35056] is hereby involuntarily dismissed with prejudice as though there had been an adjudication on the merits thereof, and all costs thereof are hereby cast upon the plaintiff herein."

On March 12, 1979, the appellant filed motions to set aside the orders of dismissal, on the ground that she had requested at the time of filing of her pleadings to be

notified of the civil action number and the date of the nisi hearing, and that she was not given this information until she received the mailed order of dismissal on March 12, 1979. The appellant asserts that no ruling has been made on these motions, and none appears in the record. The appeal is from the dismissal of the complaint and motion. *Held:*

The appellant argues in her brief that it was error for this case to be placed on the trial court calendar without notice to her under the provisions of Code Ann. § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; as amended).

" 'The burden is on him who asserts error to show it affirmatively by the record.' *Kemp v. State,* 226 Ga. 506, 507 (175 SE2d 869) (1970)." *Marshall v. State,* 239 Ga. 101 (2) (236 SE2d 58) (1977). The record before us does not show whether notice was given to the appellant. The appellee evidently received notice, as he moved for dismissal for failure to prosecute the cases on the day of the hearing, pursuant to Code Ann. § 81A-141 (b) (Ga. L. 1966, pp. 609, 653). "There is a presumption in favor of the regularity and legality of all proceedings in the superior court. This presumption of law cannot be rebutted by a direct appeal involving an issue of fact which has not been judicially determined by the trial court. *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912) [1972]." *Easterling v. Easterling,* 231 Ga. 889 (3) (204 SE2d 610) (1974).

"However, this does not mean that the trial court is without authority to set aside the judgment or grant a new trial under Code Ann. § 81A-160 where the circumstances warrant such relief. It should be remembered that an order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. 9 Wright & Miller, Federal Practice and Procedure: Civil, p. 203, § 2370; 5 Moore's Federal Practice 1125, ¶ 41.11[2]. A dismissal with prejudice for failure to prosecute should not be based solely on absence but on *all* the circumstances of the case. See Link v. Wabash R. Co., 370 U. S. 626, 634-635 (1962)." *Spyropoulos v. John Linard Estate,* 243 Ga. 518, 519 (255 SE2d 40) (1979). "[C]ircumstances attending a purely ministerial act may be investigated, even though the person performing the act is a judicial officer. [Cit.] Thus, the trial court was

authorized to determine whether the clerk properly sent notice of trial to plaintiff's counsel. And [if it] determined that plaintiff's counsel did not receive such notice, the court was empowered to grant a new trial." *Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178 (5) (217 SE2d 436) (1975).

The trial judge would have been authorized under usual circumstances to have considered the plaintiff's motions to set aside as extraordinary motions for new trial, in ruling on which he would have had a sound legal discretion under Code § 70-208 to determine whether the non-appearance of the plaintiff or her counsel was for good cause, or whether plaintiff's counsel violated his duty of keeping advised as to the progress of the litigation. *Vaughan v. Car Tapes, Inc.,* supra, (2), (3), (4). Thus, although there was no showing to explain the non-appearance of plaintiff and her counsel at the time of the dismissal of her complaint, the plaintiff's subsequent motions to set aside, although never ruled on, might have provided the vehicle by which the order of dismissal could have been reexamined.

In the present posture of the case, however, we cannot review the trial court's actions in dismissing the complaint and failing to rule on the motions to set aside (the latter not having been enumerated as error). Where the defendant's counterclaim is still pending in the trial court, the order of that court dismissing the main complaint against the defendant is not directly appealable. Absent proper certification from the trial judge, accompanied by an application for immediate review, the appeal is not subject to review by this court and is therefore premature. *Ansaldi v. Dexter,* 145 Ga. App. 557 (244 SE2d 98) (1978) and cits.

*Appeals dismissed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED JUNE 22, 1979 — DECIDED SEPTEMBER 7, 1979.

*Donald B. Hanna,* for appellant.
*Adams, Barfield & Dunaway, Tommy R.*

*Hankinson,* for appellee.