## 61438. REESE v. FRAZIER et al.

SHULMAN, Presiding Judge.

Appellant's deceased husband first brought this action as a shareholder's derivative suit. His complaint was filed in the Superior Court of Gwinnett County on October 1, 1974. Mr. Reese attempted to voluntarily dismiss that suit by a notice of dismissal filed on February 26, 1975. No approval of the trial court was sought prior to the attempted dismissal. See Code Ann. § 22-615 (c). Another suit against the same defendants and involving the same claims was filed by Mr. Reese in federal court on February 27, 1975. Appellant was substituted as plaintiff in June, 1975, after the death of her husband. In July of that same year, with approval of the federal court, appellant voluntarily dismissed that suit and, on the same day, filed suit in DeKalb County on the same cause of action. Appellees were successful in having the DeKalb County suit dismissed involuntarily. Their motion was based on the pendency of the Gwinnett County action, arguing that the first dismissal was ineffective since the approval of the trial court was not sought. Appellant then brought the action again in Gwinnett County. The trial court granted appellees' motion for summary judgment, ruling that there had been three dismissals and that the last one had operated as an adjudication on the merits under Code Ann. § 81A-141 (a). The trial court noted that, if the first dismissal in Gwinnett County was not effective, the case had been dismissed by operation of law on January 17, 1980, when five years had passed without an order being entered in the case. The trial court held that whether that or the DeKalb dismissal was the third dismissal, there had been an adjudication on the merits adverse to appellant. We find that determination erroneous for two reasons.

1. The attempted dismissal of the first action in Gwinnett County was ineffective. Code Ann. § 81A-141 (a) provides that the right to voluntarily dismiss a suit is "[s]ubject to the provisions of section 81A-123 (c), of section 81A-166, and *of any statute . . ."* (Emphasis supplied.) Code Ann. § 22-615, entitled "Further provisions relating to derivative actions," provides in subsection (c) as follows: "Such action shall not be discontinued, compromised or settled without the approval of the court having jurisdiction of the action." It is clear that § 22-615 (c) is a statute to which § 81A-141 (a) is subject. It follows, then, that the effort by appellant's late husband to dismiss that first action was unsuccessful and the action remained pending. The trial court's finding to the contrary was erroneous.

2. There have not been in this case three dismissals such as are contemplated by the last sentence of Code Ann. § 81A-141 (a): "A dismissal under this paragraph is without prejudice, except that a

notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim." The language of that section permits of no conclusion other than that only voluntary dismissals filed by a plaintiff are to be counted for purposes of that section. The only effective voluntary dismissal appearing in the record of this case is the one filed in federal court. The first dismissal in Gwinnett County was ineffective. The dismissal in DeKalb County was involuntary, as was the automatic dismissal in Gwinnett County in January, 1980. See *Allstate Ins. Co. v. Dobbs,* 134 Ga. App. 225 (213 SE2d 915). Since there has been only one voluntary dismissal, there cannot have been an adjudication on the merits under the provisions of Code Ann. § 81A-141 (a). Therefore, in accordance with Code Ann. § 3-808 and the *Allstate* case, supra, appellant was entitled to refile the action, as she did, within six months of the automatic dismissal in January, 1980. It follows that the Gwinnett Superior Court's subsequent dismissal was error.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 8, 1981.

*Robert B. Harris,* for appellant.
*Claude E. Hambrick, Ronald S. Stevens,* for appellees.