71020. ACCURATE BONDING COMPANY v. PONDER.
(335 SE2d 886)

McMURRAY, Presiding Judge.

This action for damages was called for trial at the scheduled time of one o'clock, p.m., on October 23, 1984. Plaintiff's counsel appeared at that time and announced to the court he did not know where plaintiff was but was expecting plaintiff's presence presently. At ten minutes thereafter counsel for the defendant, who was present from the beginning, moved the court for a dismissal for want of prosecution. Defense counsel's motion was denied and at one thirty o'clock, p.m., on October 23, 1984, plaintiff appeared in court. The case proceeded to trial resulting in a verdict in favor of the plaintiff. Defendant appeals, enumerating as error the denial of its motion to dismiss for want of prosecution. *Held*:

The trial court's ruling on a motion to dismiss with prejudice for failure to prosecute should not be based solely on absence but on *all* the circumstances of the case. *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40); *Hancock v. Oates*, 244 Ga. 175, 176 (259 SE2d 437); *Maolud v. Keller*, 153 Ga. App. 268 (265 SE2d 86). No court reporter was present when defendant's motion was originally made. For purposes of perfecting the record, the motion was renewed after plaintiff appeared. The trial court, in denying defendant's renewed motion, stated: "I think within our normal method of operation, the plaintiff came in in due time and the case has [proceeded] to trial and I think both parties have had a full hearing." We find no abuse of discretion.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 3, 1985.

*Gaines C. Granade*, for appellant.
*James D. McGuire*, for appellee.