## A90A2219. ALLEN v. THOMPSON et al.
### (402 SE2d 778)

Cooper, Judge.

Appellant, an inmate at Valdosta Correctional Institute, brings this pro se appeal from the trial court's order granting appellees' motion to dismiss and assessing court costs against appellant.

Appellant, pro se, originally filed this complaint against appellees, the warden of the prison and two correctional officers, alleging a violation of his constitutional rights under 42 USC § 1983. Specifically, appellant, a Muslim, alleged that his rights were violated because he was not permitted to wear his religious cap at all times, not permitted to wear religious medallions and was the victim of abusive language from certain of the appellees. Appellees filed an answer to the complaint, a motion to dismiss for failure to state a claim upon which relief may be granted and a statement of undisputed material facts. The record reflects that the trial court then issued a final order in which the court stated that the case had been scheduled for a calendar call and hearings on appellees' motion to dismiss and a case status report. The order recited that all parties to the action were notified that a calendar call would be held and that pro se litigants were notified that they should report the status of their case in writing. The court stated that appellees were represented at the hearing but that the court had received no response from appellant nor was appellant represented at the hearing. The order further provided that appellees "move to dismiss this case for failure of Plaintiff to prosecute the action." Without discussing the merits of the case, the court then dismissed the case with prejudice and assessed court costs against appellant. Although appellees' motion to dismiss was based upon the lack of merit in appellant's Section 1983 action, apparently a motion to dismiss for failure to prosecute was made at the hearing and the court's order reflects that this was the motion that the court granted.

1. Appellant contends in two enumerations of error that the trial court erred in granting the motion to dismiss for failure to prosecute. Appellant argues that the parties had communicated with the judge and had agreed that the case could be decided by briefs alone. Appellant states that he did file a statement of his case and a brief in support thereof and he therefore was under the impression that no other response was required. Although appellees' pleadings do reference a letter from the court, no such letter nor any written communications with the court appear in the record before us. Further, contrary to appellant's allegations, the record does not contain any response of appellant to appellees' motion to dismiss nor does it contain the statement of the case and brief in support thereof that appellant contends he filed. " 'It is still the law of Georgia that the burden is upon

the party asserting error on appeal to show such error by the record. [Cits.]'" *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397, 398 (370 SE2d 520) (1988). "It should be remembered that an order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion." *Hancock v. Oates*, 244 Ga. 175, 176 (259 SE2d 437) (1979). In view of the lack of support in the record for appellant's argument, we determine that the trial court did not abuse its discretion in dismissing appellant's case for failure to prosecute. However, the trial court did err in dismissing the case with prejudice. Pursuant to OCGA § 9-11-41 (b), "a dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits, [therefore] it follows that such a dismissal cannot be with prejudice." *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (324 SE2d 494) (1984). We remand this case to the trial court for entry of an order consistent with this opinion.

2. Appellant also contends that the court erred in assessing court costs against him since he filed a valid affidavit of indigency. The argument advanced by appellant has been decided adversely to him in *Newsome v. Graham*, 254 Ga. 711 (334 SE2d 183) (1985), and pursuant to the holding in that case, we uphold the decision of the trial court to assess court costs against appellant.

*Judgment affirmed in part and case remanded with direction. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

Lester Allen, *pro se.*
Michael J. Bowers, *Attorney General*, for appellees.