S92G0189. KRAFT, INC. et al. v. ABAD.
(417 SE2d 317)

CLARKE, Chief Justice.

Erma L. Abad, who lives in New York, was in an automobile accident with a vehicle driven by an employee of Kraft, Inc. She filed a personal injury action against Kraft in Fulton County. The case appeared on the trial calendar three times. Each of these calendars provided notice to plaintiff's counsel that the case could be called for trial on that day. The third time the case was on the calendar, the case was reached. The trial court's docket clerk had telephoned Abad's attorney an hour before the case was reached. Abad was in New York recovering from abdominal surgery. Her attorney could not be reached by phone. Neither Abad nor her attorney appeared at the call of the case. The trial court heard evidence put forward by defendant Kraft and entered judgment in its favor. The Court of Appeals reversed, saying that under OCGA § 9-11-41 (b) (lack of prosecution) or Superior Court Rule 14 (failure to respond to calendar call) the trial court had only the authority to dismiss the action without prejudice. We granted certiorari and now reverse.

OCGA § 9-11-41 (b) and Superior Court Rule 14 both contain permissive language. Under either provision the court *may* dismiss an action without prejudice if the plaintiff fails to appear at the call of the case. Neither provision, however, exhausts the options available to the trial court under its authority to control its own docket and regulate the business of the court. *Scocca v. Wilt,* 243 Ga. 2 (252 SE2d 401) (1979). The rule and the statute simply allow the court to dismiss the action and restricts the dismissal to one without prejudice. It goes without saying that the trial court may elect to continue the case and set it for trial on another date. Alternatively, the court may go forward with the trial of the case as was done here. The judgment that is entered following such a trial is not a dismissal. It is a judgment like any other judgment that is subject to appeal, motion for

new trial, or a motion to set aside under OCGA § 9-11-60.

Because we reverse on the above grounds, we do not address Kraft's remaining arguments.

*Judgment reversed. All the Justices concur, except Benham, Fletcher and Sears-Collins, JJ., who dissent.*

BENHAM, Justice, dissenting.

It is provided in OCGA § 9-11-1 that the Civil Practice Act "shall be construed to secure the just, speedy, and inexpensive determination of every matter."

The fact that the language in OCGA § 9-11-41 (b) and Uniform Superior Court Rule 14 is permissive does not mean that the trial court is unlimited in its responses to the failure of counsel or a party to answer a calender call. The trial court could not, for instance, dismiss the matter with prejudice because, as the majority notes, the trial court's discretion in dismissing is limited to a dismissal without prejudice. It is clear from that limitation that the legislature intended to limit the punitive options available to a trial court under these circumstances. The action of the trial court in the present case amounts to no more than a dismissal with prejudice, the entry of judgment without a presentation of the merits, based solely on the absence of a party and counsel. Even under former law which permitted dismissal with prejudice in the context of involuntary dismissals, such a harsh sanction was not to be imposed on the basis of absence alone. *Hancock v. Oates*, 244 Ga. 175 (259 SE2d 437) (1979). It may be seen, then, that the trial court's decision to go ahead with the trial in the absence of the plaintiff and plaintiff's counsel was merely an indirect means of accomplishing what the legislature has decreed shall not be accomplished directly.

To answer the concern that the decision of the Court of Appeals leaves trial courts at the mercy of dilatory or neglectful attorneys and parties, I would note that there are sanctions in place to deal with the failure of attorneys and parties to appear at the call of cases in which they are involved. An involuntary dismissal without prejudice, with its attendant expense, delay, and inconvenience is one such sanction. The provision in USCR 14, cited by the majority, for holding an attorney in contempt for failure to appear at the call of a case is another. A more creative approach than the entry of a final judgment without the presentation of evidence by the party bearing the burden of proof might be the award to the opposing party of expenses of litigation based on the offending party's or attorney's unnecessary expansion of the litigation. Any of those approaches would better serve the ends of justice than the punitive measure imposed by the trial court.

The opinion of the Court of Appeals accurately set out the law

and applied it to this case. I would, therefore, affirm the judgment of the Court of Appeals; I must, therefore dissent.

I am authorized to state that Justice Fletcher and Justice Sears-Collins join in this dissent.

DECIDED JUNE 23, 1992 —
RECONSIDERATION DENIED JULY 16, 1992.

*Fain, Major & Wiley, Gene A. Major, Bruce A. Maxwell,* for appellants.

*Jonap & Associates, John W. Jonap, Arthur C. Nilsen, Siben & Siben, Gerald I. Friedman,* for appellee.