A92A2226. HEALTH IMAGES, INC. v. GREEN et al.
(428 SE2d 378)

JOHNSON, Judge.

Health Images brought an action against Wayne Green and Ruth Siegel to recoup commissions it alleges were prematurely paid for the development of Magnetic Resonance Imaging (MRI) "diagnostic facilities." Answers and counterclaims for additional commissions were filed on February 3, 1992. The parties immediately initiated discovery. In April 1992, the case appeared on a peremptory calendar. Plaintiff's counsel contacted the court and was told that they did not need to appear for the calendar. A peremptory calendar for June 19, 1992 was sent out. These calendars stated that cases appearing on the calendar are not considered ready for trial unless a letter is sent to the court and opposing counsel two weeks prior to the trial week indicating that the case is ready. On June 5, 1992, defendants' counsel sent the requisite letter to the court and copied counsel for the plaintiff. Plaintiff's counsel did not respond to the letter or notify the court that there was still outstanding discovery and that the case was not ready for trial.

At the call of the calendar on Friday, June 19, 1992, defendants' counsel announced ready, and requested that the court specially set the case as he had witnesses from out of town. The court complied, and set the case for the following Tuesday, June 23, 1992. Neither the court nor defendants' counsel called or otherwise notified opposing counsel to inform him that the court had specially set the case for trial. On June 23, 1992, the main claim was dismissed for want of prosecution *with prejudice*. Judgment was entered on the counterclaim in the principal amount of $22,875, together with attorney fees of $6,906. Health Images appeals.

1. On the same day the trial court dismissed the main claim with prejudice, the Supreme Court of Georgia decided *Kraft v. Abad*, 262 Ga. 336 (417 SE2d 317) (1992). In *Kraft*, it was noted that "The rule [Superior Court Rule 14] and the statute [OCGA § 9-11-41 (b)] simply allow the court to dismiss the action and *restricts the dismissal to one without prejudice*." (Emphasis supplied.) Id. The trial court erred in dismissing the main claim with prejudice.

2. OCGA § 9-11-40 (c) (2) provides: "The courts shall provide for the placing of actions upon the trial calendar upon request of a party and notice to the other parties." Counsel for the plaintiff admits he was not present at the call of the peremptory calendar held on June 19, 1992, and that had he been, he would have known of opposing counsel's request that the case be specially set. However, the statute clearly provides that after an action has been placed on a trial calendar at the request of a party, notice shall be provided to other parties. Failure to provide such notice is reversible error. *Siano v. Spindel*,

136 Ga. App. 288 (220 SE2d 718) (1975).[1] Trial of the counterclaim, as well as the dismissal of the main claim, without proper notice having been given to opposing counsel was error and must be reversed.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 8, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 —

*Schnader, Harrison, Segal & Lewis, James H. Cox,* for appellant.
*Miller & Towson, Wallace Miller III, George H. Hartwig III,* for appellees.

---

[1] This case is factually similar to *TMS Ins. Agency v. Galloway,* 205 Ga. App. 896 (424 SE2d 71) (1992). In *TMS,* however, plaintiff failed to receive notice of a hearing on defendant's motion to compel at which his complaint was dismissed. Later, the publication of the non-jury calendar, at which evidence was presented and judgment entered on the counterclaim, incorrectly listed *TMS'* former counsel. As a result, *TMS* was unrepresented at trial. Unfortunately for our purposes, the holding in that case was confined to the defective notice (by publication only) of the earlier hearing on the motion to compel. We reversed the trial court's denial of *TMS'* motion to set aside, reiterating that " '(P)ublication of notice of a motion hearing date is not, *by itself,* sufficient compliance with § 9-11-6 (d).' *Goodwin v. Richmond,* 182 Ga. App. 745 (356 SE2d 888) (1987)." (Emphasis supplied.) Id.