A93A1298. LLOYD v. WHITWORTH et al.
(437 SE2d 636)

ANDREWS, Judge.

Lloyd, an inmate at the Montgomery County Correctional Institute, appeals the trial court's dismissal with prejudice of his complaint.

Lloyd filed this inmate complaint on July 27, 1992, based on a disturbance at the correctional institute, in essence contending that officers were aware of threats made to his safety and failed to provide him reasonable protection.

The case was scheduled for trial on August 31, 1992 and on that date, Lloyd requested a continuance. The court granted the continuance and entered an order directing Lloyd to be ready to proceed to trial on October 26, 1992; the order stated that the case would be dismissed if Lloyd was unprepared.

On October 26, 1992, the case was called for trial. Lloyd, who was unrepresented by counsel on that date, requested that the court allow him to dismiss his action without prejudice. Defendants' counsel requested that the dismissal be with prejudice and the court dismissed the action with prejudice.

Lloyd filed a motion for rehearing, claiming that the trial court's refusal to allow his dismissal without prejudice and its entry of a dismissal with prejudice was erroneous. At the hearing on that motion, Lloyd testified that he had a written dismissal in his possession on October 26, 1992, but that because he was unrepresented and handcuffed, he was physically unable to file it. The trial court, citing *Swartzel v. Garner*, 193 Ga. App. 267 (387 SE2d 359) (1989), denied the motion on the basis that no written petition for dismissal was filed.

In two enumerations of error, Lloyd claims that the court erred

in denying his petition to dismiss without prejudice and erred in denying his motion for rehearing/motion to set aside. We address first the question of whether the trial court was authorized to enter an order of involuntary dismissal with prejudice and thus properly denied Lloyd's motion to reconsider. OCGA § 9-11-41 (b) provides that a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with any order of the court. The statute continues: "[t]he effect of dismissals shall be as follows: (1) A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits; and (2) Any other dismissal under this subsection and any dismissal not provided for in this Code section . . . does operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise."

Although we find that the trial court did not abuse its discretion in dismissing Lloyd's case, the trial court did err in dismissing the case with prejudice. The trial court in essence dismissed the case for Lloyd's failure to prosecute and for violating its order directing Lloyd to prosecute. Unlike in *Kraft v. Abad*, 262 Ga. 336 (417 SE2d 317) (1992), here the court did not go forward with the trial of the case, hear evidence and reach a judgment. In the instant case, the court simply dismissed the case as soon as it was apparent that the plaintiff was not prepared.

"Pursuant to OCGA § 9-11-41 (b), a dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits, therefore it follows that such a dismissal cannot be with prejudice. We remand this case to the trial court for entry of an order consistent with this opinion." (Citations and punctuation omitted.) *Allen v. Thompson*, 198 Ga. App. 683, 684 (1) (402 SE2d 778) (1991); see also *Health Images v. Green*, 207 Ga. App. 455 (428 SE2d 378) (1993); *Peachtree Winfrey Assoc. v. Gwinnett County Bd. of Tax Assessors*, 197 Ga. App. 226 (398 SE2d 253) (1990); *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (324 SE2d 494) (1984), aff'd 254 Ga. 265 (330 SE2d 596) (1985).

Because of our conclusion with respect to this enumeration, there is no need to address Lloyd's claim that the trial court erred in refusing to allow him to voluntarily dismiss his action under OCGA § 9-11-41 (a).

*Judgment affirmed in part and case remanded with direction. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 1, 1993.

*James L. Bass*, for appellant.
*Newton, Smith, Durden, Kaufold, & Rice, Wilson R. Smith,*

*Sherri L. McDonald, Michael K. Dennard*, for appellees.

