A00A1976. McKNIGHT v. WYRICK.
(544 SE2d 507)

JOHNSON, Presiding Judge.

When plaintiff Kristy McKnight failed to appear at the call of the civil trial calendar on Monday, February 28, 2000, Doyle Wyrick, the defendant in this action, moved to dismiss the case. The trial court granted the motion, dismissing the case without prejudice. McKnight appeals from the dismissal, arguing that her attorney notified the trial court of a conflict on the same day her attorney received notice of the trial date. We affirm the dismissal.

The following facts are undisputed. On January 28, 2000, the State Court of Gwinnett County published a two-week civil jury trial calendar. The calendar indicated that the cases listed, including McKnight's personal injury action, would be tried over a two-week period beginning February 22, 2000, at 9:00 a.m. Unfortunately, the calendar itself is not included in the record; however, the trial court includes these facts in its order, and neither party disputes them. McKnight's attorney reported for court on the morning of February 22, but the case was not called for trial at that time.

On Friday, February 25, 2000, at about 2:30 p.m., the court calendar clerk telephoned McKnight's attorney and left a message noti-

---

fying him that the McKnight action would be the first case tried on Monday morning. At about 3:30 p.m., McKnight's attorney called the calendar clerk and notified her that he had forgotten that this was a two-week calendar and that the trial of this case would conflict with two criminal trials scheduled for the same time in Clayton County. Counsel told the clerk that he would send a conflict letter by facsimile to the court. The calendar clerk explained to counsel that the case would be called for trial Monday morning and that he was expected to be present. McKnight's attorney indicated that, because of the conflict, he would not be present. At 4:31 p.m., he faxed the conflict letter to the court. He also left a message regarding the conflict at the office of opposing counsel.

McKnight's attorney did not appear at the calendar call on February 28. Finding that counsel failed to timely file a conflict letter in accordance with Uniform Superior Court Rule 17.1, the trial court dismissed the case without prejudice. We hold that the trial court did not abuse its discretion in granting the motion to dismiss.

USCR 17.1 (B) provides, in relevant part, that when an attorney is scheduled "for a day certain" by trial calendar to appear in two or more courts, he shall give prompt written notice of the conflict to the court clerk, opposing counsel, and the judge. The rule further provides that the attorney is expected to give written notice such that it will be received at least seven days before the conflict date. USCR 14 authorizes the court to dismiss a civil action without prejudice where the party fails to respond to the call of the action for trial.

McKnight argues that USCR 17.1 (B) and its seven-day notice requirement do not apply here because the civil trial was not scheduled for "a day certain." She contends that the trial court abused its discretion because there was no "day certain" until the clerk called her attorney on February 25 to tell him of the February 28 court date. She adds that counsel notified the state court and opposing counsel of the conflict on the very day the trial date became certain. We disagree.

Although there are no cases precisely on point, we hold that the trial of this case had a "day certain" as of January 28, when it was scheduled for the two-week trial period starting February 22, 2000. Counsel should have considered each of the days within this period, including February 28, his trial dates.[1] It was his responsibility to give the required conflict notice at least seven days before February 22, 2000.

A trial court's order of dismissal for failure to prosecute is discre-

---

[1] See generally *Cohutta Mills, Inc. v. Bunch*, 166 Ga. App. 395, 396 (2) (304 SE2d 431) (1983).

tionary and is subject to appellate review for abuse of discretion.[2] We will not substitute our judgment for the trial court's judgment where there is no obvious abuse of discretion.[3] In this case, we find no clear abuse of discretion so as to authorize reversal.[4]

We note that dismissal seems a somewhat harsh result given counsel's claim that a conflict existed and considering the fact that counsel notified the court and opposing counsel of the conflict before February 28, points which the trial court considered in its order. However, the dismissal was *without* prejudice. Therefore, McKnight had the opportunity to refile the action within the original limitation period or within six months after the dismissal.[5]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 18, 2001 — 

*Michael B. King,* for appellant.
*Allen & Associates, John A. Pape, Jr.,* for appellee.

---

[2] See *Hinson v. Castellio,* 168 Ga. App. 301 (308 SE2d 705) (1983).
[3] See *Cohutta Mills,* supra.
[4] See generally *Ector v. Unison Ins. Co.,* 228 Ga. App. 520, 521 (3) (492 SE2d 287) (1997).
[5] See OCGA §§ 9-2-61; 9-11-41 (b).