A06A0546. TROUP v. CHAMBERS et al.
(634 SE2d 191)

MILLER, Judge.

Cressie Troup filed a personal injury action against Michael Chambers and his son in the Superior Court of Wheeler County. She voluntarily dismissed her case and refiled it in federal court, alleging new federal claims along with the same state law claims that she had previously asserted. The federal court dismissed the federal claims and refused to exercise supplemental jurisdiction over the state claims, which resulted in their dismissal as well. Troup then refiled her state law claims in the Superior Court of Wheeler County. The court granted summary judgment to the Chambers, reasoning that, pursuant to the two-time voluntary dismissal rule of OCGA § 9-11-41 (a) (3), the federal court's dismissal of Troup's lawsuit constituted an adjudication on the merits against Troup. Since the plain language of OCGA § 9-11-41 (a) (3) shows, however, that an adjudication on the merits occurs only with respect to a second *voluntary* dismissal under the statute, we hold that the trial court erred as a matter of law, and we must therefore reverse.

By its plain terms, OCGA § 9-11-41 (a) (1) deals with "Voluntary dismissal" in which "an action may be dismissed by the plaintiff, without order or permission of court." Subsection (a) (3) of the statute provides, "[a] dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits." The plain meaning of this statute is that a plaintiff's second voluntary dismissal of a case operates as an adjudication on the merits against the plaintiff. See *Ford v. Tycam Home Builders*, 267 Ga. App. 581, 582 (601 SE2d 133) (2004); *Zohoury v. Zohouri*, 218 Ga. App. 748, 749 (1) (463 SE2d 141) (1995). Subsection (a) (3) of the statute has nothing to do with involuntary dismissals. See *Reese v. Frazier*, 158 Ga. App. 237, 238 (2) (279 SE2d 529)

---

in order not to jeopardize their interests, regarding statutory application and construction).

(1981) ("The language of [OCGA § 9-11-41 (a)] permits of no conclusion other than that *only* voluntary dismissals filed by a plaintiff are to be counted for purposes of that section.") (emphasis supplied); OCGA § 9-11-41 (a) (3).

The only voluntary dismissal that occurred here was in the Wheeler County Superior Court. The dismissal from federal court was involuntary. Since only one voluntary dismissal occurred, the trial court erred in concluding that an adjudication on the merits occurred under the voluntary dismissal rule of OCGA § 9-11-41 (a) (3). *Reese*, supra, 158 Ga. App. at 238 (2). The law makes clear that Troup could refile her complaint in superior court after her first voluntary dismissal. An adjudication on the merits would only occur under OCGA § 9-11-41 (a) (3) if Troup voluntarily dismissed her case a second time.

*Judgment reversed. Johnson, P. J., and Adams, J., concur.*

DECIDED JULY 11, 2006.

*Derek J. White, Patrick A. McWilliams*, for appellant.
*Howard C. Kaufold, Jr., Eric L. Jones*, for appellees.