**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 20, 2012

# In the Court of Appeals of Georgia

A12A0742. CRAWFORD v. KINGSTON.

ANDREWS, Judge.

On appeal from the trial court's dismissal of her renewed personal injury action against Scott Kingston, Christine Crawford argues that because an intervening dismissal in federal court was involuntary and could not operate as an adjudication on the merits under OCGA § 9-11-41 (a) (3), and because the federal complaint was never served on Kingston, she had the right to renew her action under OCGA § 9-2-61. We agree and reverse.

The record shows that Crawford filed her first complaint concerning an August 2006 motor vehicle accident in Cherokee County State Court. Crawford voluntarily dismissed this complaint in September 2009, after the running of the applicable statute of limitation. See OCGA § 9-3-33 (actions for personal injury "shall be

brought within two years after the right of action accrues"). In December 2009, and based on her belief that Kingston was a Florida resident, Crawford filed a complaint arising from the same facts in federal court for the Northern District of Georgia. Crawford could not locate or serve Kingston in Florida, however, and Kingston's counsel made a special appearance in order to contest service and jurisdiction. After a discovery dispute, Kingston was ordered to amend his responses, at which point Crawford learned that Kingston had moved to Georgia. In March 2010, and after Crawford conceded that the federal court had lost diversity jurisdiction, the court dismissed the federal action without prejudice.

Three days later, Crawford refiled her Georgia action in Cherokee County (the "renewal action"). Kingston then moved to dismiss the renewal action on the ground that the federal dismissal was voluntary and operated under OCGA § 9-11-41 (a) (3) as an adjudication on the merits. At the hearing on his motion, Kingston also argued that the renewal action was barred under OCGA § 9-2-61. After additional briefing, the trial court granted the motion on the latter ground.

1. Crawford first argues that the federal dismissal was not voluntary for purposes of OCGA § 9-11-41 (a). We agree.

OCGA § 9-11-41 (a) provides:

2

(1) *Subject to the provisions of . . . any statute*, an action may be dismissed by the plaintiff, without order or permission of court: (A) By filing a written notice of dismissal at any time before the first witness is sworn; or (B) By filing a stipulation of dismissal signed by all parties who have appeared in the action.

(2) *By order of court.* Except as provided in paragraph (1) of this subsection, *an action shall not be dismissed upon the plaintiff's motion except upon order of the court and upon the terms and conditions as the court deems proper*. . . .

(3) *Effect.* A dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits.

(Emphasis supplied.)

On this record, we cannot agree with Kingston's contention that the federal dismissal was voluntary. Under Georgia law, "only voluntary dismissals filed by a plaintiff are to be counted for purposes of [OCGA § 9-11-41]." (Emphasis supplied.) *Reese v. Frazier*, 158 Ga. App. 237, 238 (2) (279 SE2d 529) (1981); see also *Troup v. Chambers*, 280 Ga. App. 392 (634 SE2d 191) (2006) ("[s]ubsection (a) (3) of the statute has nothing to do with involuntary dismissals"). Even when a federal plaintiff moves to dismiss her own action, the Eleventh Circuit has held that "the actual

3

dismissal is by the court and therefore does not implicate the [Federal Rule of Civil Procedure 41 (a) (1)] two-dismissal rule." *ASX Investment Corp. v. Newton*, 183 F3d 1265, 1268 (11th Cir. 1999). As the court explained:

> The primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading. . . . A dismissal obtained by motion and order of the court under Rule 41(a)(2) *or similar state rule* is not unilateral and does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice. In ruling on such motions, a court has discretion to determine whether the dismissal will be with or without prejudice and with or without conditions based on its view of the case and the plaintiff's actions.

(Emphasis supplied; citations and punctuation omitted.) Id.

Here, and even though Crawford requested the dismissal of her own federal action, the dismissal itself was by an order of the federal court for a failure of its own jurisdiction. As such, that dismissal was involuntary under OCGA § 9-11-41 (a) (2) rather than voluntary under subsection (a) (1), and thus could not operate as an adjudication on the merits under subsection (a) (3). *Troup*, 280 Ga. App. at 393 (reversing grant of motion to dismiss third complaint when dismissal of federal suit for lack of jurisdiction over remaining state law claims was involuntary).

4

2. Crawford also argues that her third complaint is not barred by OCGA § 9-2-61. We agree.

OCGA § 9-11-41 (a) provides that it is "subject to the provisions" of the renewal statute, OCGA § 9-2-61, which in turn provides:

> (a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ; provided, however, *if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once. . . .*

> (c) The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state.

(Emphasis supplied.) "While OCGA § 9-11-41 (a) permits a plaintiff to dismiss her action twice without prejudice, OCGA § 9-2-61 (a) controls the refiling of these actions, both within and outside the statute of limitation period." *White v. KFC Nat. Mgmt. Co.*, 229 Ga. App. 73, 74 (2) (493 SE2d 244) (1997).

5

It is true that of the three complaints *filed* by Crawford – the first and third in Georgia state courts, the second in a Georgia federal court – only the first was filed before the running of the statute of limitation. Crawford attempted to recommence her action in federal court after the expiration of the statute of limitation but within six months of her voluntary dismissal of the first complaint. But Crawford never *served* Kingston with the federal complaint, with the result that it was void and could not amount to a renewal of the first complaint. See *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629) (1977) (filing alone is "not the commencement of suit unless followed by service within a reasonable time"); *Shy v. Faniel*, 292 Ga. App. 253, 256 (4) (663 SE2d 841) (2008) (reversing the grant of a motion to dismiss a third complaint because plaintiff's second complaint, which was void for lack of service, had no bearing on the renewal of a first complaint by means of the third).

The parties agree that the third complaint was intended as a renewal of the first complaint, which was voluntarily dismissed "after the expiration of the applicable period of limitation." OCGA § 9-2-61 (a). It is also plain that the federal dismissal was not only involuntary, as we have held above, but also "dismissed without prejudice for lack of subject matter jurisdiction" by the federal court. OCGA § 9-2-61 (c). On the record before us, then, Crawford has exercised the "privilege of renewal"

6

after that expiration "only once" – that is, in the third complaint, which was successfully served on Kingston. Id. It follows that the trial court erred when it granted the motion to dismiss Crawford's third complaint.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur*.