**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 21, 2014**

# In the Court of Appeals of Georgia

A13A2276. CHRYSLER FINANCIAL SERVICES AMERICAS,
     LLC v. BENJAMIN et al.

DILLARD, Judge.

After Betty and Kerron Benjamin defaulted on a retail-installment contract, Chrysler Financial Services Americas, LLC ("Chrysler FSA") sued them to recover the deficiency balance and later filed a motion for default judgment based on its belief that they failed to file an answer. But after noting that the Benjamins, acting pro se, had indeed filed an answer, the trial court dismissed Chrysler FSA's case for failure to prosecute and awarded the Benjamins attorney fees pursuant to OCGA § 9-15-14. Chrysler FSA now appeals, arguing that the trial court abused its discretion. For the reasons set forth *infra*, we affirm in part, reverse in part, vacate in part, and remand the case for further proceedings consistent with this opinion.

The record shows that in 2005, Kerron Benjamin and Betty Benjamin (Kerron's mother) entered into a retail-installment contract for the purchase of a Dodge pickup truck with a local automobile dealership, which then sold the contract to Chrysler FSA. Approximately three years later, the Benjamins took the truck back to the dealership for repairs, which they believed were covered by the vehicle's warranty. But according to the Benjamins, after removing the truck's engine, the dealership informed them that the required repairs were not covered by the warranty. At this point, believing that they should not be required to make payments on a vehicle they could not drive, the Benjamins stopped making payments on the contract.

Shortly thereafter, Chrysler FSA repossessed the vehicle and resold it. The resale amount, however, was less than the balance due on the Benjamins' retail-installment contract. Consequently, on February 22, 2010, Chrysler FSA filed a lawsuit against the Benjamins, seeking to recover the deficiency balance on the contract. Nine months later, Chrysler FSA voluntarily dismissed the action but then re-filed it on February 22, 2011.

On March 22, 2011, the Benjamins filed an answer. But because Chrysler FSA apparently never received a service copy of the answer, it believed the matter to be in default. Nevertheless, the record does not indicate that any additional action was

2

taken until February 24, 2012 (almost one year later), at which point Chrysler FSA successfully sought a continuance to prepare a motion for default judgment. Seven more months passed, and on September 25, 2012, Chrysler FSA sought another continuance, averring that such a continuance was necessary in order to complete an affidavit supporting its soon-to-be-filed motion for default judgment. The trial court granted the second continuance; however, Chrysler FSA did not file its motion for default judgment until January 28, 2013.

On March 22, 2013, rather than ruling on the motion for default judgment, the trial court dismissed Chrysler FSA's complaint with prejudice for failure to prosecute the case, noting that the case had lingered for over three years and that Chrysler FSA had not appeared at four separate calendar calls. In addition, the trial court awarded attorney fees to the Benjamins pursuant to OCGA § 9-15-14. This appeal follows.

At the outset, we note that a trial court's order of dismissal for failure to prosecute is discretionary and "is subject to appellate review for abuse of discretion."[1] And we will not substitute our judgment for the trial court's judgment when "there

---

[1] *McKnight v. Wyrick*, 247 Ga. App. 584, 585-586 (544 SE2d 507) (2001); *accord Floyd v. Logisticare, Inc.*, 255 Ga. App. 702, 702 (1) (566 SE2d 423) (2002).

is no obvious abuse of discretion."[2] With these guiding principles in mind, we turn now to Chrysler FSA's claims of error.

1. Chrysler FSA contends that the trial court abused its discretion in dismissing its complaint with prejudice for failure to prosecute its case, arguing that this sanction was too severe. We do not agree that the court abused its discretion in dismissing the case based on Chrysler FSA's failure to prosecute, and thus, we affirm the court's judgment in that regard. That said, we do agree that the court erred in dismissing the case with prejudice, and thus, we vacate that aspect of the court's judgment and remand with the direction noted *infra*.

Here, in its dismissal order, the trial court noted that the case had lingered for approximately three years, that Chrysler FSA conducted no discovery during that time, and that Chrysler FSA failed to attend at least four calendar calls. The court, therefore, dismissed the case for failure to prosecute pursuant to OCGA § 9-11-41 (b).[3] Chrysler FSA does not dispute that it failed to attend the various calendar calls but, rather, argues that it did not think it was necessary to do so in light of its belief

---

[2] *McKnight*, 247 Ga. App. at 586.

[3] *See* OCGA § 9-11-41 (b) ("For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . .").

4

that the Benjamins were in default by failing to file an answer. This mistaken belief, however, did not preclude an involuntary dismissal by the trial court. Indeed, it is a fundamental principle of Georgia law that "counsel has a duty to keep himself informed as to the progress of the cases he handles in a particular court, so that he may take whatever actions may be necessary to protect the interests of his clients."[4] Consequently, Chrysler FSA's reason for not attending the calendar calls is not at all persuasive. Furthermore, "our prior case law in this area has shown extraordinary deference to trial courts that have chosen to dismiss a civil action as a result of a party's failure to appear at a proceeding, calendar call, or the like."[5] Accordingly, the trial court did not abuse its discretion in dismissing Chrysler FSA's case.

---

[4] *Atlanta Bus. Video, LLC v. FanTrace, LLC*, ___ Ga. App. ___, Slip op. at 6-7 (Case No. A13A1287; decided Nov. 7, 2013) (punctuation omitted); *accord Hipple v. Simpson Paper Co.*, 234 Ga. App. 516, 517 (1) (507 SE2d 156) (1998).

[5] *Atlanta Bus. Video, LLC*, Slip op. at 7; *see Ector v. Unison Ins. Co.*, 228 Ga. App. 520, 521 (3) (492 SE2d 287) (1997) (affirming dismissal of plaintiff's suit without prejudice "for failure to appear at the calendar call," even though "the circumstances of this case understandably gave rise to some confusion" because ultimately "it was plaintiff's responsibility to appear at the call or contact the court to clarify the status of the case in the absence of a continuation order"); *see also Kraft, Inc. v. Abad*, 262 Ga. 336, 336 (417 SE2d 317) (1992) ("OCGA § 9-11-41 (b) and Superior Court Rule 14 both contain permissive language. Under either provision the court *may* dismiss an action without prejudice if the plaintiff fails to appear at the call of the case.").

Nevertheless, although we find that the trial court did not abuse its discretion in dismissing Chrysler FSA's case, the trial court did err in dismissing the case *with prejudice*. Indeed, while the trial court attempts to justify its decision by characterizing Chrysler FSA's conduct below as contumacious, the court clearly dismissed the case due to Chrysler FSA's failure to prosecute. And it is well established that, pursuant to OCGA § 9-11-41 (b), a dismissal for failure of the plaintiff to prosecute "does not operate as an adjudication upon the merits[.]"[6] Thus, it follows that such a dismissal cannot be with prejudice.[7]

Moreover, the trial court's further finding that a dismissal with prejudice was likewise appropriate under OCGA § 9-11-41 (a) (3), given Chrysler FSA's earlier voluntary dismissal, is equally erroneous. As the text of OCGA § 9-11-41 (a) (1) makes explicitly clear, this statutory subsection, by its plain terms, concerns a "[v]oluntary dismissal" in which "an action may be dismissed by the plaintiff, without

---

[6] *Lloyd v. Whitworth*, 210 Ga. App. 714, 715 (437 SE2d 636) (1993) (punctuation omitted); *see* OCGA § 9-11-41 (b) ("A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits . . . ."); *Wolfpack Enters., Inc. v. Arrington*, 272 Ga. App. 175, 176 (1) (612 SE2d 35) (2005) (holding that Uniform Superior Court Rule 14 and OCGA § 9-11-41 (b) "restrict the dismissal of an action for failure to appear at the call of the case to one without prejudice" (punctuation omitted)).

[7] *See Lloyd*, 210 Ga. App. at 715 (punctuation omitted).

order or permission of court." And OCGA § 9-11-41 (a) (3) then explains the effect of such a *voluntary* dismissal, noting that, "[a] dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits." Thus, a plaintiff's second voluntary dismissal pursuant to OCGA § 9-11-41 (a) (1) operates as an adjudication on the merits against the plaintiff pursuant to OCGA § 9-11-41 (a) (3),[8] and as such, "[s]ubsection (a) (3) of the statute has nothing to do with involuntary dismissals."[9]

And here, the only voluntary dismissal that occurred was Chrysler FSA's dismissal in November 2010. The trial court, then, clearly erred "in concluding that an adjudication on the merits occurred under the voluntary dismissal rule of OCGA § 9-11-41(a) (3)."[10] Accordingly, the trial court erred in dismissing Chrysler FSA's case *with prejudice*. We, therefore, vacate that aspect of the trial court's judgment and remand this case for entry of an order consistent with this opinion.

---

[8] *See Troup v. Chambers*, 280 Ga. App. 392, 392 (634 SE2d 191) (2006) (punctuation omitted); *see* OCGA § 9-11-41 (a) (1), (3).

[9] *Troup*, 280 Ga. App. at 392.

[10] *Id.* at 393.

7

2. Chrysler FSA also contends that the trial court erred in awarding attorney fees to the Benjamins pursuant to OCGA § 9-15-14. We agree.

As this Court has previously held, "pro se litigants who are not attorneys cannot recover attorney fees because of the lack of any meaningful standard for calculating the amount of the award."[11] Thus, the trial court erred in awarding attorney fees to the Benjamins pursuant to OCGA § 9-15-14, and we reverse that aspect of its judgment.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded. Andrews, P. J., and McMillian, J., concur.*

---

[11] *JarAllah v. Am. Culinary Fed., Inc.*, 242 Ga. App. 595, 596 (2) (529 SE2d 919) (2000); *see Demido v. Wilson*, 261 Ga. App. 165, 169 (1) (582 SE2d 151) ("As a pro se litigant who was not an attorney, [appellant] was not entitled to recover attorney fees . . . ."). We further note that even if the Benjamins were arguably entitled to attorney fees under OCGA § 9-15-14, the trial court nevertheless erred in awarding such fees without holding an evidentiary hearing. *See Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001).