**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 15, 2021**

# In the Court of Appeals of Georgia

A21A0577. SHANNON v. HATCH.

MARKLE, Judge.

After Warren Shannon failed to appear for trial, the trial court entered final judgment against him. In this discretionary appeal, Shannon appeals from the trial court's denial of his motion to set aside the judgment, contending that the trial court abused its discretion because the judgment was the functional equivalent of an improper dismissal with prejudice based solely on his nonappearance. Because we conclude that the final judgment is a nonamendable defect on the record, we reverse.

"Generally, we review a trial court's ruling on a motion to set aside for abuse of discretion. However, where the facts are undisputed and the issues presented on appeal involve questions of law, we review the trial court's ruling de novo." *Davis v. Crescent Holdings & Investments*, 336 Ga. App. 378 (785 SE2d 51) (2016).

The facts are not in dispute. Shannon sued William D. Hatch for negligence arising from an accident in which Hatch's vehicle struck Shannon, a pedestrian. In early January 2020, the trial court issued an order granting the parties' joint motion to continue the trial of this matter, and notified them that the case had been placed on the court's March 2, 2020 trial calendar.

The week prior to the call of the calendar, court staff e-mailed the parties' counsel, directing them to appear on March 2, 2020. Counsel for both parties appeared at the call of the trial calendar, and the trial court informed them that the case was in line to be tried and that they were on a two-hour call.[1] On the morning of March 3, 2020, court staff e-mailed the parties' counsel, notifying them that the case would likely be called the following morning, and that they would receive further confirmation later that same day. Thirty minutes later, court staff e-mailed both counsel again, directing the parties to appear for trial the following morning. Neither Shannon nor his counsel appeared for trial on March 4, 2020. Hatch announced ready for trial and requested that the trial court enter judgment in his favor. After confirming with the court clerk and his staff that they had received no communications from Shannon, the trial court entered final judgment in Hatch's

[1] The call of the trial calendar was not transcribed.

2

favor. Shannon moved to set aside the judgment, which the trial court denied. We granted Shannon's application for discretionary appeal, and this appeal followed.

In related enumerations of error, Shannon argues that the trial court abused its discretion by denying his motion to set aside because the final judgment effectively and improperly dismissed his claims with prejudice based solely on his failure to appear for trial.[2] We conclude that the final judgment is a nonamendable defect on the record, and therefore reverse.[3]

[2] Although Shannon contests the sufficiency of the trial notice, we presume he received proper notice for purposes of this appeal since we reverse on other grounds. See *Barner v. Binkley*, 304 Ga. App. 73 (695 SE2d 398) (2010). However, we take this opportunity to note that Shannon's counsel emphatically blames the trial court for his absence at trial because the trial court purportedly announced at the calendar call that it would notify counsel to appear for trial by phone, but instead sent an e-mail. Interestingly, at the motion hearing, both the trial judge and opposing counsel denied that the court had directed counsel to await a phone call. Moreover, Shannon's counsel did not deny that he received the e-mails, but instead admitted that he simply did not read them. This apparent disregard for communications from the court, especially when counsel's case is on an active trial calendar, is troubling, and we express our decided disapprobation of counsel's conduct. See Rule 1.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

[3] Hatch argues that Shannon waived any argument with respect to OCGA § 9-11-60 (d) (3) because he referenced only OCGA § 9-11-60 (d) (2) in his motion to set aside. Although it is true that Shannon did not specifically name subpart (d) (3) of that Code section in his motion, he contended that the final judgment was a nonamendable defect on the record, which is the ground addressed in OCGA § 9-11-60 (d) (3). To find that Shannon thus waived his argument here would amount to placing form above substance, which we decline to do.

Pursuant to OCGA § 9-11-60 (d) (3), a trial court is authorized to set aside its judgment due to "[a] nonamendable defect which appears upon the face of the record or pleadings." Under Georgia law, a trial court's dismissal of a claim with prejudice where the claim could only be properly dismissed *without* prejudice amounts to a nonamendable defect on the record. *Bonner v. Green*, 263 Ga. 773 (438 SE2d 360) (1994); *Skipper v. Paul*, 356 Ga. App. 281, 283 (2) (846 SE2d 444) (2020) (physical precedent only). And, pursuant to OCGA § 9-11-41 (b),[4] a dismissal for failure to prosecute is not an adjudication on the merits and thus is without prejudice. *Chrysler Financial Svcs. Americas v. Benjamin*, 325 Ga. App. 579, 581 (1) (754 SE2d 157) (2014); *Wolfpack Enterprises v. Arrington*, 272 Ga. App. 175, 176 (1) (612 SE2d 35) (2005) ("A dismissal with prejudice based solely on want of prosecution or failure to appear is improper."). In this same vein, Uniform Superior Court Rule ("USCR") 14 provides that "the court may dismiss *without prejudice* any civil action . . . upon the failure to properly respond to the call of the action for trial[.]" (emphasis supplied).

---

[4] OCGA § 9-11-41 (b) provides, in pertinent part: "For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits[.]"

4

Hatch argues that the trial court did not dismiss Shannon's claims here, but issued a final judgment following trial, which was authorized under the rule set forth in *Kraft, Inc. v. Abad*, 262 Ga. 336 (417 SE2d 317) (1992). In *Kraft*, our Supreme Court held that the permissive language of OCGA § 9-11-41 (b) and USCR 14 does not confine a trial court to dismissing a case without prejudice for a party's nonappearance at trial; rather, a trial court may continue the case or proceed with the trial of the case in that party's absence. *Kraft*, 262 Ga. at 336.

There is one key distinction between *Kraft* and the subject case, however. In *Kraft*, the trial court "heard evidence," whereas here, Hatch announced ready to proceed to trial and merely requested a final judgment in his favor based purely on Shannon's absence. *Kraft*, 262 Ga. at 336. Moreover, although it appears that a jury pool was present in the courtroom at the time, the record does not show that they were sworn or impaneled. In other words, there was no trial in this case.[5] See *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 274 (4) (329 SE2d 900) (1985) ("the trial does not begin until the jury has been impaneled and sworn.") (citation omitted).

---

[5] Shannon did not waive his right to a jury trial based solely on his nonappearance for trial. *Barner*, 304 Ga. App. at 77 (3). In fact, the record shows that he repeatedly demanded and expected a jury trial.

5

Consequently, there was no adjudication on the merits here, and the trial court was authorized only to dismiss this case without prejudice if it chose to dispose of this case under these circumstances. OCGA § 9-11-41 (b); USCR 14; see *Chrysler Financial Svcs. Americas*, 325 Ga. App. at 581 (1); *Wolfpack Enterprises*, 272 Ga. App. at 176 (1). But by issuing final judgment, the trial court effectively dismissed the case *with* prejudice. Therefore, as a matter of law, the final judgment is a nonamendable defect on the record, and the trial court abused its discretion by denying Shannon's motion to set aside. *Bonner*, 263 Ga. at 773; OCGA § 9-11-60 (d) (3).

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur*.