**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**May 26, 2026**

# In the Court of Appeals of Georgia

A26A0643. HUTCHINS v. GEORGIA POWER ELECTRIC COMPANY et al.

RICKMAN, Presiding Judge.

Ricky Hutchins appeals from the trial court's order dismissing his case against Georgia Power Electric Company ("Georgia Power") and the Georgia Public Service Commission (the "PSC") (collectively, the "Appellees"). Hutchins argues that the trial court erred by dismissing his case for want of prosecution and denying his motion for reconsideration, rehearing, and to set aside the judgment because the trial court failed to provide him notice of a scheduling hearing. For the following reasons, we reverse.

Hutchins filed a complaint against the Appellees in November 2024 alleging, among other things, that the Appellees "acted in concert ... to commit theft by

deception and fraud ... by conspiring through illegal billing of Municipal Franchise Fees." In December 2024, the PSC filed its answer and a motion to dismiss. In January 2025, Georgia Power filed its answer and a motion to dismiss.

On January 13, 2025, the trial court sent an e-mail to Hutchins and the Appellees to notify them that it would hold a scheduling conference on January 17, 2025. After Hutchins failed to appear for the scheduling conference, the trial court dismissed his case for want of prosecution.

On January 27, 2025, Hutchins filed a motion for reconsideration, rehearing, and to set aside the judgment, contending that he had not received notice of the scheduling conference. On February 5, 2025, the trial court denied Hutchins's motion for reconsideration.

This appeal followed.

1. In two closely related enumerations of error, Hutchins argues that the trial court erred by dismissing his case for want of prosecution and by denying his motion for reconsideration, rehearing, and to set aside the judgment under OCGA § 9-11-60(d), which authorizes a trial court to set aside a judgment based on "[a] nonamendable defect which appears upon the face of the record." OCGA § 9-11-

60(d)(3). Hutchins contends that he did not receive notice of the January 17 scheduling conference, and that the lack of notice was a nonamendable defect appearing on the face of the record. We agree.

We review a trial court's order dismissing a case for want of prosecution for abuse of discretion. *McKnight v. Wyrick*, 247 Ga. App. 584, 585-86 (544 SE2d 507) (2001). We also review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60(d)(3) for abuse of discretion. *Fiffee v. Jiggetts*, 353 Ga. App. 730, 734(2) (839 SE2d 224) (2020).

"A trial court may dismiss without prejudice any civil action ... upon the failure to properly respond to the call of the action for trial or other proceeding." *Oduok v. Fulton DeKalb Hosp. Auth.*, 340 Ga. App. 205, 211(2)(a) (797 SE2d 133) (2017) (punctuation omitted). "Dismissal for failure to attend a [proceeding], however, is proper only if the court provided the absent party with notice of the proceeding." Id. Furthermore, "[a]n order that is based on a hearing and entered against a party without notice to that party of the hearing is subject to a motion to set aside on the ground of a non[]amendable defect where the lack of notice appears on the face of the record." *Fiffee*, 353 Ga. App. at 735(2) (punctuation omitted).

The Appellees argue that the trial court provided notice of the January 17 scheduling conference to Hutchins in the January 13 e-mail. Hutchins does not dispute that the trial court used the correct e-mail address for him in the January 13 e-mail, which is in the record, but he contends that he did not receive it. Georgia Power contends that the trial court was within its authority to provide notice of the scheduling conference by e-mail because e-mail service is expressly permitted by OCGA § 9-11-5, and that where service is properly made, actual notice is not required.

Under OCGA § 9-11-5, "every order required by its terms to be served ... and every written notice ... shall be served upon each of the parties." OCGA § 9-11-5(a). Service under OCGA § 9-11-5 may be made by personal delivery or mail or electronically.[1] OCGA § 9-11-5(b). Electronic service may be made by "transmitting a copy via email in portable document format (PDF) to the person to be served ... and showing in the subject line of the email message the words 'STATUTORY ELECTRONIC SERVICE' in capital letters." OCGA § 9-11-5(b).

The January 13 e-mail failed to comply with OCGA § 9-11-5(b) because it did not transmit a copy of the notice of the scheduling conference in portable document

---

[1] Service also may be made to the court clerk where a party's address is unknown. OCGA § 9-11-5(b).

format (PDF) and the subject line of the January 13 e-mail did not contain the words "STATUTORY ELECTRONIC SERVICE" in capital letters. "Compliance with the notice requirement of OCGA § 9-11-5(b) is mandatory, not discretionary." *Fiffee*, 353 Ga. App. at 735(2) (punctuation omitted). Consequently, Hutchins was not properly served notice of the January 17 scheduling conference under OCGA § 9-11-5(b) and the trial court erred by dismissing his complaint. See generally *Oduok*, 340 Ga. App. at 211(2)(a). Furthermore, to the extent that the trial court implicitly denied Hutchins's motion to set aside the judgment in its order denying Hutchins's motion for reconsideration, it erred. See *Fiffee*, 353 Ga. App. at 737(2) (reversing the denial of a motion to set aside where the appellant established a nonamendable defect on the face of the record).

2. Georgia Power argues that even if Hutchins had appeared at the January 17 scheduling conference, the trial court's order dismissing the case would have been "right for any reason" because Hutchins failed to state a claim against Georgia Power. Because the trial court did not rule upon this ground and this issue was not fully briefed by all parties either below or on appeal, we decline to exercise our discretion to consider whether the order dismissing the case could be affirmed on this basis. See

*City of Gainesville v. Dodd*, 275 Ga. 834, 838-39 (573 SE2d 369) (2002) (appellate courts have discretion in determining whether to consider grounds not addressed by the trial court and affirm according to the "right for any reason" rule).

*Judgment reversed. Brown, C. J., and Mercier, J., concur.*